YARRUT, Judge.
Defendant appeals from a judgment for plaintiff on a promissory note for $400.00. Defendant admitted signing the note, but denies liability on the ground that plaintiff, after the execution thereof, changed the rate of interest from one to six percent, a material alteration as defined by LSA-R.S. 7:125 of Louisiana’s Negotiable Instruments Law.
The judgment allowed interest at the rate of one percent to date of suit, and the legal rate of five percent thereafter, but no attorney’s fee. Plaintiff did not answer the appeal.
Plaintiff admits he changed the rate from one to six percent, but claims he did so at the time of the execution of the note, and with the full knowledge and consent of defendant.
The parties were friends and business partners. Defendant was in dire need of $400.00, and plaintiff had agreed to lend the *672 money without interest. Both were under the erroneous belief that a promissory note had to specify some rate of interest to be valid, plaintiff under the belief that it was six percent, and defendant one percent. The only difference between the parties is whether the change was made at the time the note was executed, and defendant given the $400.00 by plaintiff, or sometime thereafter without defendant’s knowledge or consent.
During the trial defendánt sought to urge an additional defense, not specially pleaded, to the effect that the note was not to be paid unless defendant obtained a profit from the partnership, and therefore was not payable on “demand” as the note recites. The trial court properly paid no attention to this contention.
We cannot conceive of any improper motive plaintiff could have had to alter the note in the manner admitted; or why he would attempt to conceal it from defendant. He was lending $400.00 to his friend simply as an act of friendship, without any desire for gain, and could have demanded eight percent interest. It is passing strange that defendant did not refuse payment before suit was filed because the rate of interest was changed, since he testified he did not know of the change until he and his attorney examined the note at court after suit was filed. Had defendant tendered payment without interest, or with one percent interest, and it had been refused by plaintiff, there would have been some basis to his defense.
As between the parties, where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided as to all parties, except as to any party who himself made, authorized or assented to the alteration, and subsequent endorsers. LSA-R.S. 7:124; Harris Finance Corporation v. Fonte, La.App., 102 So.2d 885.
We conclude, as did the trial court, that plaintiff sustained the burden of proof that defendant had knowledge of, and consented to, the alteration involved.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.