LOTTINGER, Judge.
This is a suit on a promissory note. From a judgment in favor of plaintiff, the defendant, Howard F. Carber, has appealed.
The plaintiff, Fidelity National Bank of Baton Rouge (Fidelity), filed suit on a promissory note executed on June 27, 1974, by Big River Equipment Company (Big River), as maker, and Donald J. Mills and Howard F. Carber as endorsers, in the amount of $1,651.80. Plaintiff originally sued for the face amount of the note, including interest and attorney fees, but later stipulated that the balance due was $730.96.
Carber answered denying liability and that the plaintiff was a holder in due course as well as third partying Mills for contribution. Mills answered denying liability to both the original and third party petitions. Both Carber and Mills pleaded failure of consideration.
The record points out that the note was executed to secure a loan made by Big River to purchase insurance for some of its equipment. The insurance was purchased through the Ward Insurance Agency (Ward) by Big River, and the proceeds of the loan were deposited by plaintiff to the account of Ward. Several installments on the note became delinquent, and Fidelity called upon Ward to cancel the insurance policy and refund to it the unearned premium. This Ward did.
Neither Ward nor Fidelity sent a written notice to Big River or to Carber and Mills *802 advising that the insurance policy was being cancelled, however, Carber testified that he was informed by Mills of the delinquent status of the note.
During the trial both Mills and Carber resisted the plaintiff’s demand on the grounds that plaintiff’s action in causing the insurance policy to be cancelled without formal notice to them or to Big River constituted a failure of consideration which worked to relieve them from their obligation on the note. They considered themselves accommodation endorsers standing in the shoes of the maker.
Inasmuch as the note was executed on June 27, 1974, this controversy is controlled by the Negotiable Instruments Law, LSA-R.S. 7:1, et seq., rather than the “Commercial Laws”, LSA-R.S. 10:1, et seq.
The note sued upon is made payable to the order of “Fidelity National Bank of Baton Rouge”, and thus, plaintiff is not a holder in due course because it is the original holder thus, not coming under LSA-R.S. 7:52. Beneficial Finance Company of New Orleans v. Bienemy, 244 So.2d 275 (La.App. 4th Cir. 1971).
There is no contention that either Mills or Carber received anything of value for their endorsements, thus, they are properly termed “accommodation endorsers”, LSA-R.S. 7:29, and thus they stand in the shoes of the maker, and if the maker could show partial failure in the consideration flowing to him, then so can those sought to be held as his accommodation endorsers. CHF Finance Discount “A” Company v. Harris, 188 So.2d 457 (La.App. 4th Cir. 1966).
The question then is whether there was a failure of consideration. The purpose for executing the promissory note was to obtain sufficient funds with which to buy insurance. This was accomplished with the signing of the note. It was only after the note became delinquent by several installments that.plaintiff requested of the insurance agency a cancellation of the policy and a partial refund of the premium.
It was undisputed that the note sued upon was not the type of note normally used by plaintiff for the purpose of financing insurance premiums. Rather, this note was simply an unsecured hand note. The language in the note clearly states the intention of the parties in connection with default of any payments. “It being understood and agreed that my failure to pay any installment of this indebtedness at its maturity shall, at the option of the holder of this note, without demand or putting in default cause all unpaid installments to become at once due and exigible.” In the printed material above the signatures, the endorsers, Howard F. Carber and Donald J. Mills, unconditionally bound themselves to the terms of the said note. The insurance contract between Ward and Big River is not incorporated into this note. Even though the insurance agent was the individual who suggested the plaintiff bank to the defendants for the purpose of obtaining the necessary funds for the insurance premium, the policy remained in control of the insurance agent. Plaintiff’s request to cancel the policy and return the remaining premiums was not obligatory on the agent therefore, we do not find a failure of consideration so as to void the obligation of the defendant, Carber.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by defendant-appellant, Carber.
AFFIRMED.