BEER, Judge.
Appellant, Beverly May Strain, the divorced wife of Milton Leydecker, Sr., sued for partition of the community alleged to have existed during , their marriage. By peremptory exception of no right or cause of action, appellee alleged that exorbitant community debts had caused him to file bankruptcy proceedings prior to the dissolution of the community; that all community assets and debts were listed in bankruptcy schedules; and that such schedules reflected an indebtedness which greatly exceeded the total assets of the community. He contended, in effect, that the Bankruptcy Act operated in such a way as to dissolve the community. The trial court maintained the exception.
By brief filed in this court, appellant alleges that certain real property located at 2928 Franklin Avenue in New Orleans (which had been listed in the bankruptcy schedule to show only appellee’s undivided one-half interest) was reacquired (in toto) by appellee as a result of the trustee’s disclaimer. However, appellee contends, also by brief, that the cash tendered for the disclaimer was his separate property, earned subsequent to dissolution of the community and was paid to reacquire full title to the property. In support of his contention that the disclaimer vested him with full title to the property, appellee avers that:
1. all community property is presumed to be included in the bankrupt estate of a husband since community debts will be discharged therefrom,
2. pursuant to 11 U.S.C. § 110, title to the property vested in the bankruptcy trustee, and
3. disclaimer by the trustee for $2,500 cash consideration was a sale transferring title of the entire property to his separate estate because of the alleged use of separate funds for said “purchase.”
Although the record came before us devoid of any evidence of the bankruptcy proceedings, the attorneys for the parties have, by stipulation at the time of oral argument in this court, now made those pleadings a part of the record. The bankruptcy pleadings do include a trustee’s disclaimer of the Franklin Avenue property for $2,500 cash. They also include a schedule which indicates that the bankrupt estate included only the bankrupt’s one-half interest in the property at 2928 Franklin Avenue. The property is valued at $4,000 on the schedule. The total shown as the bankrupt’s interest is one-half of that amount, $2,000. Even though appellee paid $2,500 for the disclaimer, it is difficult for us to comprehend how the disclaimer can be said to affect anything more or less than the bankrupt’s right, title and interest in the one half of the property which the schedule of assets lists as the bankrupt’s one-half interest. Apparently, appellant’s one-half interest was not scheduled in the bankruptcy proceedings and, as we see it, nothing more than the one-half interest of appellee was available to be released to him by the trustee’s disclaimer.
*706 Since it is correct that disclaimer by the trustee revests title in the bankrupt as though no transfer to the bankruptcy trustee was ever made, such an order can do no more than restore to the bankrupt his scheduled interest therein.
Appellee may well have numerous valid claims for reimbursement from appellant including, perhaps, some part of the consideration for the disclaimer if separate funds were used, as alleged, to obtain same.
However, the well-pled allegations of appellant’s petition and the documents before us by stipulation make out a case of some community property left to be divided by partition subject to various credits, etc. Since a cause of action does appear to exist, this case must proceed to a trial on the merits where both parties will have a full opportunity to allege and stand ready to prove their various claims and counterclaims affecting the property sought to be partitioned.
The exceptions must be overruled and the case remanded. In view of this, we must address a further contention of appellant that the trial court erred in allotting this consolidated matter to Division “F” of the Civil District Court since it should have been allotted to Division “I,” where the separation proceedings bear a lower docket number than the divorce proceedings sought to be consolidated with them. Accordingly, appellant seeks to have the case remanded to Division “I.”
Although the general allotment of cases is covered by Rule 8, Sec. 9 of the rules for the Civil District Court for the Parish of Orleans, we are referred to no specific rule governing allotment where there has been consolidation of separate suits.
Compliance with generally accepted procedure would seem to indicate that the allotment should have been Division “I.” However, no motion was made at the trial court level to have the case reallotted, and objections to the allotment of a consolidated case cannot be first made on appeal. See, e. g., Union Garment Co., Limited, v. Newburger, 124 La. 820, 50 So. 740 (1910); Fluker v. DeGrange, 117 La. 331, 41 So. 591 (1906).
Accordingly, the judgment maintaining the exceptions dated February 9, 1977 is overruled. This case is remanded to Civil District Court, Division “F,” for further proceedings consistent with this opinion. Each party is to bear his own cost of this appeal.

REVERSED AND REMANDED.