377 So.2d 564 (1979)
In the SUCCESSION OF Andre VIDRINE.
Mrs. Paul J. FONTENOT (Mary L. Vidrine Fontenot), Plaintiff-Appellant,
v.
SUCCESSION OF Andre VIDRINE, Defendant-Appellee.
No. 7222.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*565 Preston N. Aucoin, Ville Platte, Robert T. Bowsher of Sklar, Nachman, Schmidt & Bowsher, Baton Rouge, for plaintiff-appellant.
Jules R. Ashlock, Ville Platte, Darrel D. Ryland, Marksville, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
Mrs. Paul J. Fontenot (Mary L. Vidrine Fontenot), plaintiff-appellant, appeals a decision of the trial court sustaining peremptory exceptions of no cause or right of action, five years prescription and material alteration. We reverse.
Mrs. Fontenot filed suit against the succession of her deceased father, Andre Vidrine, on a promissory note in the principal sum of $14,000.00 executed by him on September 19, 1968. Subsequently, she filed an amending and supplemental petition alleging in the alternative that the note was either a remunerative donation, an onerous donation, or a gratuitous donation. The note was not attached to or made a part of either pleading. However, a copy thereof is in the record and apparently it was admitted in evidence without objection.
Mrs. Theolise Smith Vidrine, testamentary executrix, filed peremptory exceptions on the grounds mentioned above. Meanwhile the other heirs of Andre Vidrine intervened in the succession, opposing plaintiff's claim.
The case was taken under advisement by the trial judge at the conclusion of a hearing on the exceptions. Thereafter, he assigned the following written reasons for judgment:
"A suit on a purported promissory note was brought against the above succession, tried in Ville Platte, and submitted following interesting oral arguments. The instrument in question was made by decedent to the order of the plaintiff, on September 19, 1968, payable `at death'. After the legality of this instrument was *566 challenged plaintiff pleaded in the alternative that the instrument was either a donation Mortis Causa or a donation Inter Vivos.
"It is the opinion of the court:
"a. The instrument is not a valid promissory note.
"b. The instrument is not a valid donation Mortis Causa as it is not in proper form.
"c. The instrument is not a donation to Inter Vivas (sic) because:
"1. It is not in the proper form for a gratuitous donation.
"2. There is no debt indicated or duty imposed to support a remunerative or onerous donation.
"Therefore it is the opinion of the court that plaintiff's claim against the estate must be denied at plaintiff's cost.
"A Judgment should be submitted in accordance with this opinion."
A formal judgment sustaining the exceptions and dismissing the suit was signed on February 13, 1979.
We will first take up the exception of prescription. Appellees contend that because the note sued upon provides that it is payable "at death" the time for payment is not determinable. Therefore, the instrument should be deemed a demand note which prescribed five years from its date, September 19, 1968, under LSA-C.C. Article 3540.
Since the note was executed in 1968 this controversy is controlled by the "Negotiable Instruments Law", LSA-R.S. 7:1 et seq., rather than the "Commercial Laws", LSA-R.S. 10:1 et seq. Fidelity National Bank of Baton Rouge v. Mills, 351 So.2d 800 (La. App. 1 Cir. 1977). It is true that LSA-R.S. 7:7 as well as R.S. 10:3-108 provide that a note is payable on demand if it fails to state a time for payment. However under R.S. 7:1 and 7:4, "payable at death" is sufficient to designate a specific event which determines the time for payment, although uncertain as to its exact time of happening. The comment under the new R.S. 10:3-109 reveals that:
"Subsection 2 reverses the old rule of the N.I.L. (R.S. 7:4(3)) in that it destroys definiteness as to time for payment which is related to a future contingency even though it is bound to happen, e. g., `30 days after the death of X.'"
Appellees further contend that the time for payment is uncertain because the note does not state at whose death it is to be payable. Parole evidence was admissible to assist the court in determining any uncertainty that may exist in this connection. However, none was offered by either side at the trial of the exception. In the absence of evidence to the contrary, we are convinced that the most logical and reasonable interpretation of the intention of the parties in this respect is that the phrase "Due at death" meant payable at the maker's death, i. e., Andre Vidrine. Little or no benefit would have been derived by the payee to accept an obligation payable at her death. And it is inconceivable that the parties had in mind the death of any third person. Also, when a clause is susceptible of two interpretations it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory. LSA-C.C. Article 1951. Therefore, in order to construe this clause in such a way as to give it effect and not to lead to absurd results, we must necessarily conclude the intent of the parties was that the note be payable on Andre Vidrine's death. This having occurred on March 18, 1978, the action has not prescribed.
We turn now to the peremptory exception based on an alleged material alteration of the note. While the listing of the objections raised on peremptory exceptions in LSA-C.C.P. Article 927 is not exhaustive, we can find no precedence or reason for the assertion of a material alteration of a negotiable instrument as a ground for such exception. We believe such an assertion is more in the nature of an affirmative defense, which requires an inquiry beyond the face of the note to determine whether an alteration is material and, if so, whether the parties liable on the note assented to the alteration. LSA-R.S. 7:124 and 125; Malinda *567 v. St. Philip, 138 So.2d 671 (La.App. 4 Cir. 1962); Thompson v. Taylor, 192 So.2d 609 (La.App. 3 Cir. 1966). The only evidence before the trial judge to consider on the exceptions was the copy of the promissory note. We believe that the issues just mentioned, and particularly whether Mr. Vidrine himself scratched out Mrs. Fontenot's signature on the note, or authorized or assented thereto, must be determined at a trial on the merits.
Lastly, we must consider whether the exception of no cause or right of action should have been sustained. These are two completely different objections which may be raised through a peremptory exception. They have entirely different purposes and are subject to different rules. Generally, the exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his interest in the subject matter of the proceedings; whereas, an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Evidence is admissible at the trial of an exception of no right of action, but none can be introduced nor can it be considered even if admitted without objection at the pretrial hearing of an exception of no cause of action. Parks v. Winnfield Lyle Insurance Company, 336 So.2d 1021 (La.App. 3 Cir. 1976). The latter exception tests the legal sufficiency of the petition and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976); Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Company v. Texaco, 310 So.2d 93 (La.1975).
In this case Mrs. Fontenot is the party to whose order the note is payable, and clearly she has a right of action. This exception is really one of no cause of action.
The plaintiff's original petition alleges in substance that Andre Vidrine, for value received, signed a note dated September 19, 1968, payable at his death to the order of Mrs. Paul J. Fontenot in the principal amount of $14,000.00 with 6% interest per annum from October 1, 1968, until paid and 25% additional for attorney's fees. On its face this petition states a cause of action based on a valid promissory note executed for a valuable consideration. A cause of action in this respect having been alleged, the exception must be overruled and the plaintiff afforded a trial on the merits. We therefore are not called upon at this time to consider Mrs. Fontenot's alternative allegations that the note was actually a donation.
For the reasons assigned, the judgment of the trial court is reversed, the peremptory exceptions of prescription, material alteration, and no cause or right of action are overruled and this case is remanded to the district court for further proceedings according to law and consistent with the views expressed in this opinion. The costs of the appeal are taxed to the appellees. Assessment of the other court costs will be made upon final disposition of the suit.
REVERSED AND REMANDED.