408 So.2d 52 (1981)
John MERCIER, Plaintiff-Appellant,
v.
Clifton FLUGENCE; Adam J. Tollivow; Hott's Concrete; Insured Lloyd's Insurance Co; XYZ Insurance Company and International Indemnity Co., Defendants-Appellees.
No. 8514.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Domengeaux & Wright, Robert K. Tracy, Lafayette, for plaintiff-appellant.
McBride & Foret, Norman P. Foret, Lafayette, for defendants-appellees.
*53 Before CULPEPPER, CUTRER and STOKER, JJ.
CUTRER, Judge.
John Mercier appeals the judgment of the trial court which dismissed State Farm Mutual Automobile Insurance Company from this damage suit. The trial court sustained exceptions of "no right and of no cause of action." We reverse and remand.
The record discloses that plaintiff was injured in an automobile accident on August 11, 1979. The petition states that the collision was allegedly caused by the negligence of an employee of Hoot's Concrete Service, Inc. (Hoot's), Adam Tollivow, who struck plaintiff's car from the rear while driving a company owned truck, forcing plaintiff's car into the rear of one driven by Clifton Flugence. Plaintiff alleged injuries and damages as a result of the collision. Plaintiff brought suit against Adam Tollivow and Hoot's liability insurer, State Farm Mutual Automobile Insurance Company (State Farm). Also named as defendants were the driver of the third car, his insurer and plaintiff's uninsured motorist carrier.
State Farm filed peremptory exceptions of no cause and/or no right of action alleging that Hoot's policy had been cancelled prior to the accident; therefore, no coverage existed. The trial judge, after a hearing on the exceptions, sustained "the exceptions of no cause and no right of action." Plaintiff's suit against State Farm was dismissed. From that judgment plaintiff appealed.
Plaintiff presents three assignments of error. We shall treat only the issue of whether the trial court erred in sustaining the exceptions. Our decision to reverse the trial court's judgment sustaining the exceptions renders it unnecessary to discuss the remaining issues.

EXCEPTIONS OF NO RIGHT AND/OR NO CAUSE OF ACTION
State Farm filed "Exceptions of No Right and/or No Cause of Action." The basis for these exceptions is that the liability policy, previously issued to Hoot's, had been cancelled before the accident in question. At the hearing of the exceptions State Farm introduced into evidence the deposition of Harold Pierson, an agent for State Farm. Also, State Farm introduced several other documents in support of its position that the policy had been cancelled prior to the accident. Based upon this evidence the trial judge sustained the exceptions. This ruling of the trial judge was erroneous.
In Louisiana law there exists no single exception of no right and/or no cause of action. They are separate and distinct exceptions, each serving a particular purpose and each following particular procedural rules. Succession of Vidrine, 377 So.2d 564 (La.App. 3rd Cir. 1979); LSA-C.C.P. art. 927(4) and (5).
The exception of no right of action serves to question the right of a plaintiff to maintain his suit; i.e., his interest in the subject matter of the proceedings. The want of interest raised by the exception relates to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted by the suit. In the exception of no right of action, evidence is admissible in a determination of whether the particular plaintiff falls within the general class having a legal interest to sue upon the cause of action asserted.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded and the issue is whether the face of the petition presents a case which legally entitles the plaintiff to the redress which is sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). Citations are unnecessary for the principle that evidence is inadmissible in a determination of an exception of no cause of action.
As we apply these well-established principles to the case at hand, it is clear that both exceptions must be overruled.
*54 The plaintiff in this case clearly has a right of action to bring this suit for damages arising out of the accident. The evidence presented only pertains to State Farm's contention that its liability policy previously issued to Hoot's had been cancelled before the accident in question. Nothing in the evidence disputes the plaintiff's legal interest to sue upon the cause of action he asserts.
State Farm is attempting to use the exception of no right of action to raise the defense of no liability coverage due to cancellation of the policy. Such a defense cannot be raised by this exception but such defense must go to the merits. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979). The exception of no right of action must be overruled.
The exception of no cause of action must also be overruled. In making this determination, we examine only the allegations of plaintiff's petition, which allegations are accepted as true. The evidence in connection with the exception of no right of action cannot be considered in the disposition of the exception of no cause of action.
The plaintiff's petition alleges a cause of action in tort against Hoot's, the alleged employer of one of the drivers. The petition alleges that plaintiff was injured and damaged by the negligence of such driver, the employment of such driver by Hoot's and the fact that the driver was in the course and scope of his employment at the time of the accident. The petition also alleges liability coverage of Hoot's by State Farm. On its face the petition states a cause of action in tort against Hoot's and its alleged insurer, State Farm. Thus, the exception of no cause of action must be overruled and the plaintiff shall be afforded a trial on the merits.
For the reasons assigned, the judgment of the trial court is reversed and the peremptory exceptions of no right and no cause of action are overruled. This case is remanded to the district court for further proceedings according to law and consistent with the views expressed herein. The cost of the appeal shall be paid by State Farm Mutual Automobile Insurance Company. Assessment of other costs will be made upon final disposition of the suit.
REVERSED AND REMANDED.