CARTER, Judge:
This is a suit on three promissory notes in which a summary judgment was granted.
Plaintiff, Budget Finance of Baton Rouge, Inc. (Budget Finance), instituted this proceeding against Marion Huge Lewis to collect monies due under three promissory notes. Lewis answered the petition, denying each of plaintiff’s allegations. Budget Finance then moved for summary judgment, and Lewis filed an exception of no right of action.
The trial court overruled the exception of no right of action and denied the motion for summary judgment on the grounds that Budget Finance had not submitted affidavits verifying the amount of the indebtedness.
Budget Finance subsequently reurged its motion for summary judgment, submitting three affidavits in support thereof. Lewis opposed the motion for summary judgment and reurged his exception of no right of action, contending that the affidavits submitted by plaintiff established that Budget Finance was not the holder of the three notes sued on.
The trial judge refused to reconsider the exception and granted plaintiffs motion for summary judgment. Lewis appeals.
Lewis assigns the following specifications of error:
(1) The trial court erred in overruling Lewis’s exception of no right of action; and
(2) The trial court erred in granting plaintiff’s motion for summary judgment.
EXCEPTION OF NO RIGHT OF ACTION
Lewis maintains that the trial judge improperly overruled his exception of no right of action. Lewis contends that the affidavits accompanying plaintiffs motion for summary judgment reflect that H.R. Gibson, Jr., manager of Budget Finance, is the holder and owner of the notes sued upon.[1] Lewis, therefore, concludes that Budget Finance, plaintiff in the instant suit, has no right to bring this action.
The exception of no right of action is designed to question the right or interest of the plaintiff in instituting the suit. Succession of Vidrine, 377 So.2d 564 (La.App. 3rd Cir.1979), appeal after remand Fontenot v. Estate of Vidrine, 401 So.2d 584 (La.App. 3rd Cir:1981); Gaudet v. Bd. of C. for Pontchartrain Levee, 339 So.2d 931 (La.App. 4th Cir.1976).
A thorough review of the record convinces this court that the trial court correctly determined that Budget Finance is the proper plaintiff to institute this suit. The three original promissory notes were attached to the petition as “Plaintiff’s In Globo Exhibit 1” and clearly indicate that Lewis borrowed funds from Budget Finance on three separate occasions. Furthermore, Budget Finance’s answers to both the interrogatories and request for admissions clearly indicate that it was the true owner and holder of the notes sued on. Although the affidavits which accompanied the motion for summary judgment are poorly phrased, the answers to interrogato- *1302 nes and answers to request for admissions clearly support the conclusion that Budget Finance is the proper party plaintiff and has a right to institute these proceedings to collect on the notes.[2]
MOTION FOR SUMMARY JUDGMENT
Lewis contends that summary judgment was improperly granted by the trial court. Lewis maintains that ownership of the note, which is a material fact, is an unresolved issue.
LSA-C.C.P. art. 966 provides:
“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at.any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
Summary judgment may not be rendered unless the pleadings, depositions, affidavits, and other like evidence show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Ray’s Appliance & Air Conditioning v. Heard, 343 So.2d 435 (La.App. 3rd Cir.1977). Any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits to resolve any disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In reviewing the record, we find that the pleadings, affidavits, answers to request for admissions, and answers to interrogatories clearly show that there is no unresolved issue as to material fact concerning ownership of the notes and that Budget Finance is entitled to judgment as a matter of law.
For the above reasons, this assignment lacks merit.
For the above reasons, the judgment of the trial court overruling Lewis’s exception of no right of action and granting Budget Finance’s motion for summary judgment is affirmed at defendant-appellant's costs.
AFFIRMED.

. The affidavits provide, in pertinent part:
“BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the Parish and State aforesaid, personally came and appeared H.R. GIBSON, JR., Manager of BUDGET FINANCE COMPANY, who after being duly sworn, did depose and say:
That HE is the holder and owner for valuable consideration of the note herein sued upon_”

. Although the affidavit uses the word "he" to designate the owner and holder of the notes, the reference clearly refers to Budget Finance and not to its manager, H.R. Gibson, Jr.