602 So.2d 175 (1992)
William J. MOSS Substituted as John T. Landry. Testamentary Executor for the Succession of William J. Moss, Plaintiff-Appellee,
v.
A. Sam COURY, et al., Defendants-Appellants.
No. 91-201.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*176 Hunter & Boland, Gary L. Boland, Baton Rouge, for defendants-appellants.
Brook, Morial, Kenneth A. Goodwin, New Orleans, for plaintiff-appellee.
Before LABORDE, KNOLL and MARCANTEL[*], JJ.
LABORDE, Judge.
This is a specific performance suit initiated by William J. Moss, plaintiff-appellee, against A. Sam Coury, defendant-appellant. After defendant answered the petition and filed a reconventional demand, plaintiff filed a peremptory exception of no right of action. The trial court granted this exception and dismissed the reconventional demand finding defendant had no interest in the litigation. We reverse and remand.

FACTS
This case arose when William J. Moss (plaintiff) filed a suit for specific performance against A. Sam Coury (defendant) on November 20, 1985. The suit demanded defendant be required to transfer two hundred shares of Coury Moss, Inc. stock pursuant to an agreement entered into between these parties on June 28, 1979. On February 7, 1986, defendant filed an answer and reconventional demand against plaintiff alleging appellant had not performed pursuant to the agreement and sought specific performance demanding appellant reconvey to him three hundred of the five hundred fifty shares of Coury Moss, Inc. which he still held. Plaintiff never filed an answer to defendant's reconventional demand. When defendant answered plaintiff's suit, the two issues were joined.
The agreement plaintiff and defendant signed on June 28, 1979, provided that defendant would provide financial support for a multiple "high class car dealership where customers could purchase cars in different price ranges." Defendant obligated himself for and spent $1.3 million on the purchase of land and buildings for the multiple car dealerships. On June 28,1979, plaintiff and defendant agreed to incorporate the business which became known as Coury Moss, Inc. They contracted and bound themselves to abide by the terms of the "agreement" which provided the corporation was to be a closed corporation and that they were to be the sole shareholders. Defendant was issued seven hundred fifty shares of Coury Moss stock and plaintiff was issued two hundred fifty shares.
In the agreement, plaintiff agreed to purchase five hundred shares of the seven hundred fifty shares of stock owned by defendant over a five year period at book value. Plaintiff was to provide two automobiles a year to defendant for his personal use, and plaintiff was to manage the dealership and serve as president of Coury Moss, Inc. for a monthly salary of $4,200.00. Plaintiff agreed to lease from defendant the land he bought for the automobile dealership site and to pay rent and taxes on the land.
In 1980, 1981, and 1982, defendant transferred one hundred shares of stock to plaintiff each year for a total of three hundred shares. After these transfers, defendant still held four hundred fifty shares in his name. In 1983, defendant refused to transfer any additional stock to plaintiff because he discovered plaintiff had not fulfilled certain obligations which were conditions precedent to Coury selling any more stock. He also discovered plaintiff had yet to pay for the last transfer of one hundred shares. Eventually, plaintiff ceased paying rent to defendant and multiple lawsuits were filed by plaintiff and defendant against each other.
Defendant eventually went into reorganization under Chapter 11 of the Bankruptcy Code and ultimately adjudicated bankrupt and discharged from his debts pursuant to Chapter 7 of the Bankruptcy Code on June 21, 1988. The bankrupt estate held an interest in the following fourteen items: (1) *177 American Related Energy Corp.; (2) Advance Energy Production Corp.; (3) Ambassador Bloodstock; (4) Quail Valley Farms, Inc.; (5) Brookside Plaza, Inc.; (6) Coury, Inc.; (7) Centoma, Ltd.; (8) Advance Operating Corp.; (9) Tealwood, Inc.; (10) Coury Moss, Inc.; (11) Como Services, Inc.; (12) Coury, Ltd.; (13) Oak Tree Golf Club Membership; and (14) Interest in Coury Moss litigation. Before defendant was released from bankruptcy on June 21, 1988, plaintiff could have purchased defendant's stock for book value or the cost which defendant paid for the stock pursuant to their agreement. Additionally, the trustee, with the approval of the bankruptcy judge, had the power to offer any of the fourteen items for sale which included the four hundred fifty shares of Coury Moss, Inc. stock. Plaintiff did not make any viable offers to the bankruptcy trustee prior to June 21, 1988. The original stock certificates never left defendant's possession or ownership.
After defendant was released from bankruptcy, Coury Ltd. an Oklahoma partnership of which defendant is the managing General Partner, and Mr. Coury entered into an agreement to authorize defendant to redeem any and all of the property interests from the bankruptcy trustee with defendant's personal funds as well as with Coury, Ltd. property. Coury Ltd. and defendant agreed in writing the property was to be redeemed from the bankruptcy estate for defendant, individually, subject to the existing liens and encumbrances. Defendant also agreed to pay Coury, Ltd. $100,000.00 over a period of ten years for the property released from the bankruptcy trustee on defendant's behalf. A notice of intent to exchange property was filed by the trustee on February 6, 1989, and plaintiff and Coury Moss, Inc. objected to the exchange. The aforementioned fourteen items were to be released. The two items which concern this lawsuit are Coury Moss, Inc. and the interest in Coury Moss litigation. The interest in Coury Moss, Inc. includes the four hundred fifty shares of Coury Moss, Inc. stock owned by defendant.
On May 19, 1989, in accordance with the facts set out in the May 17, 1989 hearing, defendant personally added $6,083.55 of additional money and added an additional five hundred acres to Coury's previous offer of one hundred sixty acres. An addendum to the contract was signed between Coury, Ltd. and the Trustee in Bankruptcy adding defendant individually to the original contract signed February 6, 1989.
On June 10, 1989, Coury Ltd. affirmed its earlier agreement of December 23, 1988, with defendant and released, renounced, assigned, abandoned, gave, and set over any and all interests and/or property rights which it had in the fourteen items redeemed from the bankruptcy estates.
On December 17, 1989, plaintiff died. Before plaintiff died, the record clearly shows the only two parties in the above captioned case litigating the stock rights of the parties pursuant to the agreement in Coury Moss, Inc. were plaintiff and defendant.
On April 5, 1990, plaintiff in reconvention filed a motion to substitute the succession representative in lieu of deceased party and a motion to amend the pleadings to bring in as additional defendants in reconvention, Sharon Coury Moss, Coury Moss, Inc., and the various car dealerships.
On June 11, 1990, the William J. Moss succession representative, John T. Landry, filed a motion for summary judgment alleging the June 28, 1979, agreement was valid and enforceable. He requested the Court to grant his request for specific performance and to order defendant to deliver two hundred of his four hundred fifty shares of Coury Moss, Inc. stock to the Succession of William J. Moss. He also filed a motion for release of payment of price of the transferred litigious rights.
On July 23, 1990, defendant filed a response to the plaintiff's motion for summary judgment and requested summary judgment be granted in his favor. Defendant urged since both parties had judicially confessed pursuant to La.C.C. art. 1853, the contract was valid, and he demanded the Moss succession honor the contract. Both defendant and the succession representative judicially confessed that plaintiff *178 and defendant agreed if either party should die his stock must first be offered to the remaining stockholder, at a price equal to the book value of such stock, but not less than costs basis thereof if the book value should be less than costs.
On July 16, 1990, Landry filed a peremptory exception of no right of action to defendant's reconventional demand alleging Coury, Ltd. should be named the proper party on the grounds that defendant was bankrupt and that Coury, Ltd. owned the litigious rights to the Coury Moss litigation. Defendant responded on July 25, 1990, and on July 30, 1990, Landry's exception of no right of action was granted on the grounds that defendant had been "adjudicated bankrupt" and "that his Trustee in bankruptcy transferred all of petitioner's litigious rights in those proceedings to Coury, Ltd." Defendant moved for a new trial which the trial court denied. The defendant now appeals the trial court's ruling granting plaintiff's peremptory exception.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant contends the trial court erred in sustaining plaintiff's peremptory exception of no right of action. Plaintiff filed this exception alleging Coury, Ltd. and not defendant, A. Sam Coury, owned all rights in the Coury-Moss Litigation. This argument is based on the fact that the trustee in charge of defendant's personal bankrupt estate transferred all of defendant's ownership interest in Coury Moss, Inc. and in all Coury Moss litigation to Coury Ltd. once defendant was discharged in bankruptcy. Based on this, the trial court sustained plaintiff's exception of no right of action to the reconventional demand filed by defendant and pretermitted decision on plaintiff's motion for summary judgment and motion for release of payment of price of transferred litigious rights.
The essential function of the peremptory exception of no right of action, La.C.C.P. art. 927(5) is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Henry v. State, Department of Health and Human Resources, 435 So.2d 565 (La.App. 3d Cir.1983), writ denied, 441 So.2d 750 (La. 1983). The plaintiff must have an interest in the subject matter of the suit and legal capacity to proceed with the suit. The exception serves to question the right of plaintiff to maintain his suit, and relates to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted by the suit. Mercier v. Flugence, 408 So.2d 52 (La. App.3d Cir.1981). It is of no moment that defendant may have a valid defense to defeat plaintiff's cause of action. Alside Supply Company v. Ramsey, 306 So.2d 762 (La.App.4th Cir.1975). In order to prevail, defendant must show that plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.
The record indicates, the partners of Coury, Ltd. and defendant entered into a written agreement whereby all the rights the bankruptcy trustee previously transferred to Coury, Ltd. were transferred back to defendant. Based on this agreement, it appears defendant is the party with the interest in the subject matter of the suit and legal capacity to proceed with the suit. Nothing in the record contradicts that defendant owns the interest in Coury-Moss, Inc. stock and the Coury-Moss litigation. Accordingly, we reverse the trial court's judgment granting this exception and remand this case for the trial court to consider the two remaining motions before it.

DECREE
The trial court judgment granting plaintiff's peremptory exception of no right of action is reversed, and this case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the succession of William J. Moss.
REVERSED AND RENDERED.
NOTES
[*] Judge Marcantel participated in this decision as Judge Pro Tempore.