613 So.2d 270 (1992)
William J. MOSS, substituted as John T. Landry, Testamentary Executor for the Succession of William J. Moss
v.
A. Sam COURY.
No. 91-1130.
Court of Appeal of Louisiana, Third Circuit.
December 30, 1992.
Writ Denied March 26, 1993.
*271 Hunter & Boland, Gary Boland, Baton Rouge, for A. Sam Coury and appellant in each case.
Lewis & Lolley, Lafayette, for Coury-Moss, Inc.
Anthony Fontana, Abbeville, for Moss.
Jeffrey Ackermann, Durio, McGoffin & Stagg, Lafayette, for defendants.
Sharon K. Moss, in pro. per.
Before STOKER, YELVERTON and COOKS, JJ.
STOKER, Judge.
This is an appeal from the trial court's denial of defendant Coury's motion for a new trial as to two of the plaintiffs, the Succession of William J. Moss and Sharon Coury Moss. We reverse and remand.

FACTS
This case is one of several in a body of complex, protracted, piecemeal litigation. Most of the background facts surrounding this litigation were set forth in chronological order in our opinion in Moss v. Coury, 602 So.2d 175 at 176 (La.App. 3d Cir.1992). We incorporate herein by reference that opinion in its entirety.
The appeal before us by defendant, A. Sam Coury, challenges the order in a judgment of the trial court dated March 4, 1991, directing Coury, Ltd. to release the litigious rights of A. Sam Coury to various parties (generally parties identified with plaintiff) upon payment of the price paid for the litigious rights by Coury, Ltd.
As will be noted, the cited case presented the issue, through the peremptory exception of no right of action, of who owned the litigious rights in the Coury-Moss litigation. The successor of Moss, John T. Landry, the executor of the succession, took the position that Coury, Ltd. owned the litigious rights of Coury as it had acquired them in Coury's bankruptcy proceedings. In our opinion at 602 So.2d 175 we reversed the ruling of the trial court and remanded the case for further proceedings consistent with our opinion. In effect, we held that the defendant, A. Sam Coury, was the owner of the interests in Coury-Moss stock and the Coury-Moss litigation. Therefore, he had a right of action.
The clerk of the district court sent up to us in this appeal what apparently is an abbreviated portion of the record in this case. We take it that the abbreviated record is from the case previously before us and reported in our opinion at 602 So.2d 175. If this is not so, it is not material because the facts recited in 602 So.2d 175 apply to the matter brought in this appeal.
We handed down our opinion in 602 So.2d 175 on June 24, 1992. Under the circumstances the judgment appealed from in this case must be reversed. What the judgment provided, and the procedural history leading to it, came about as follows:
On February 8, 1991, the Succession of Moss, Coury-Moss, Inc., and Sharon Coury Moss filed a motion for the release, by Coury, Ltd., of the litigious rights of A. Sam Coury on payment of the transfer price, in accordance with LSA-C.C. art. 2652-2654. On March 4, 1991, the trial judge held in favor of the movants, ordering Coury, Ltd. to release the litigious rights to the movants upon payment.
On April 11, 1991, Coury filed a motion for a new trial. On June 9, 1991, the trial judge granted Coury's motion for a new trial as to Coury-Moss, Inc., but denied it as to the Succession of Moss and Sharon Coury Moss. Coury appeals this partial denial of his motion for a new trial.
In summary, the case before us involves an attempt by the estate and heirs of William Moss to buy the allegedly transferred litigious rights of A. Sam Coury from Coury, Ltd., in order to stop Coury's suits *272 against Moss for specific performance and damages. Coury is attempting to prevent the loss of his litigious rights through his claim that he has repurchased them from Coury, Ltd., so that he can continue to prosecute his claims against Moss's estate.
In view of our finding in our opinion rendered on June 24, 1992, the ruling of the trial court of March 4, 1991, ordering Coury, Ltd. to release the litigious rights to the movants, was erroneous. We found that A. Sam Coury owned the litigious rights, not Coury, Ltd. Coury, Ltd. made a valid transfer of the rights back to A. Sam Coury.
As we understand movants' position, they assert that even if A. Sam Coury should be deemed to have reacquired his rights in this litigation, those rights took on a quality when transferred to the trustee in bankruptcy which makes them subject to redemption under LSA-C.C. art. 2652 by paying the "real price of the transfer." Stated another way, once the owner of litigious rights sells his rights, the other party to the litigation "may get himself released by paying the transferee the real price of the transfer, together with the interest from its date," and this is so even if the original owner reacquires his transferred interest. We reject this argument out of hand. The policy embodied in LSA-C.C. art. 2652 is no longer present if the original transferring litigant reacquires the transferred interest.
Technically speaking, this appeal raised only the issue of the failure to grant a new trial as to all movants with respect to the trial court's March 4, 1991, judgment. That matter is moot in view of our reversal of that judgment.
For the reasons stated above and acting under the authority of LSA-C.C.P. at. 2164, the judgment of the trial court dated March 4, 1991, is reversed and set aside, and this case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed to movants, Coury-Moss, Inc., Succession of William J. Moss and Sharon Coury Moss.
REVERSED and REMANDED.