LWELCH, J.
This is an appeal from a judgment which granted the defendants’ motion to redeem the plaintiffs litigious rights and extinguishing the plaintiffs causes of action in this suit as well as extinguishing his cause of action in an entirely separate lawsuit, referenced in the judgment as “Andrew Kleamenakis vs Donald K. Swanzey and Hydraulic Builders,” Slidell City Court, Case No. 92-C-3663. For the following reasons, we reverse.
On May 13, 1994, plaintiff/appellee, Donald K. Swanzy, filed this action against Vac Marine, Inc. and J. Russell Camp (who was the marshall of the City Court for the City of Slidell), alleging the defendants wrongfully seized his property (tools and equipment) and seeking damages in connection therewith. During the course of this litigation, Swanzy filed for bankruptcy in the United States Bankruptcy Court, Eastern District of Louisiana. See In the Matter of Swanzy, Donald K., No. 00-12168.[1]
This lawsuit against Vac Marine and Camp, as well as two other lawsuits Swan- *906 zy had pending, were listed in Swanzy’s schedule of assets in his bankruptcy proceeding. Subsequently, the bankruptcy court issued an order dated April 11, 2001, ordering Swanzy to deposit with the trustee the sum of $4,600.00 in connection with his listed lawsuits (against Andrew Kleam-enakis, Vac Marine, Inc., Russell Camp, The Wednesday Corporation, and Sea-brook Marine) and ordering that upon payment of that sum, “the bankruptcy trustee shall disclaim his interest in the debtor’s claims against the above mentioned parties, and the debtor shall be able to proceed against that party.” (Emphasis added.)[2]
UMore than two and a half years later, on November 10, 2003, the defendants in this litigation, together with Andrew Kleamenakis and Seabrook Marine, Inc. as movers, filed a Motion to Redeem Litigious Rights based on the bankruptcy court’s order, alleging Swanzy “purchased” all rights and causes of action in this matter at a “bulk sale,” rendering those causes of action redeemable and extinguishable pursuant to La. C.C. art. 2652.[3] Swanzy opposed the motion maintaining that upon his payment of $4,600.00 to the registry of the bankruptcy court as ordered, the bankruptcy trustee disclaimed any and all interests in Swanzy’s claims against the defendants. According to Swanzy, the order of the bankruptcy court is clear, and because there was neither an assignment nor a sale, La. C.C. art. 2652 is inapplicable, and the defendants have no right of redemption.
The trial court found the bankruptcy court’s order effectuated a “sale” rather than a disclaimer based on the fact that the order included a payment by Swanzy of $4,600.00:
But they got paid. Normally when a trustee disclaims something, they just disclaim it without any compensation whatsoever.
What makes this different and makes the Court feel that this is an assignment is because the bankruptcy estate was actually paid for this claim. It wasn’t just a normal disclaimer.
Based thereon, the trial court rendered judgment on January 7, 2004, granting the movers’ motion to redeem litigious rights in favor of the defendants, specifically extinguishing the plaintiffs causes of action in this litigation and further granting the motion in favor of the non-party mover, Andrew Kleamenakis, extinguishing the plaintiffs causes of action in the separate lawsuit involving him.
A disclaimer by a trustee in bankruptcy revests title in the bankrupt as though no transfer to the bankruptcy trustee was ever made. Leydecker v. Leydecker, 358 So.2d 704, 706 (La.App. 4th Cir.1978); see also Household Bank FSB v. Metro Associates, Inc., 1993 WL *907 310580 (E.D.La.1993). In Leydecker, supra, the fact that the trustee disclaimed real property in exchange for cash did not alter the trustee’s action from a disclaimer to an assignment or sale; rather, it restored to the bankrupt his scheduled interest therein. In further explanation of the court’s analysis, Judge Lemmon in a concurring opinion stated:
The trustee’s disclaimer or abandonment of the bankrupt’s property is simply not a sale of the property. The trustee has a duty to liquidate the bankrupt’s estate, but he has no duty to administer property so heavily encumbered as to offer no prospect of significant funds available for distribution, and the trustee may disclaim or abandon certain property when it is not practicable to see that property. The disclaimer or abandonment constitutes a refusal to administer the particular asset and a rejection of the title which otherwise had vested in the trustee by operation of law. When the trustee disclaims or abandons certain property, title re-vests in the bankrupt as if no assignment had been made and title had never vested in the trustee.
Id. at 707. (Emphasis added; citation omitted.)
Also, in Moss v. Coury, 613 So.2d 270 (La.App. 3rd Cir.1992), writ denied, 614 So.2d 1259 (La.1993), a shareholder who repurchased corporate stock rights and related litigation rights from his bankruptcy trustee was held to be the “owner” rather than “assignee” of said rights and the redemption rights found in La. C.C. art. 2652 were held not applicable. In Moss, as in this case, the movers argued that even if the bankrupt had reacquired his rights, those rights took on a different quality when transferred by the trustee in bankruptcy, making them subject to redemption pursuant to La. C.C. art. 2652. The court rejected this argument, stating, “We reject this argument out of hand. The policy embodied in LSA-C.C. art. 2652 [to prevent the buying and selling of lawsuits] is no longer present if the original transferring litigant reacquires the transferred interest.” Id. at 272. (Emphasis added.)
|,We agree with the third and fourth circuit’s analysis and conclusions in the foregoing cases; they are consistent with long-standing jurisprudence to the effect that after abandonment of property in bankruptcy, the property reverts to the debtor, and the debtor’s rights to the property are treated as if no bankruptcy petition was filed. Mundell v. Mundell, 03-631, p. 5 (La.App. 3rd Cir.11/5/03), 858 So.2d 768, 771; see also Brown v. O’Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827 (1937); In re Dewsnup, 908 F.2d 588 (10th Cir.1990), aff'd, sub nom., Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).[4]
For the foregoing reasons, we find the trial court erred as a matter of law in finding the trustee’s disclaimer to be a sale or an assignment and in applying La. C.C. art. 2652 to grant the defendants’ Motion to Redeem Litigious Rights. Accordingly, *908 the judgment is reversed.[5] Costs of this appeal are assessed to the defendants.
REVERSED.
KUHN, J., concurs.

. Swanzy asserts that the defendants' wrongful seizure of his tools and equipment and refusal to return same caused him grave personal and financial hardship including irreparable damage to his business and substantial loss of revenue, forcing him into bankruptcy.

. This order by the bankruptcy court is the only portion of those proceedings contained in the record herein. However, in pleadings filed in this record and also in brief, Swanzy asserts that in his bankruptcy proceeding, the bankruptcy trustee filed a motion for authority to compromise his claims in the listed pending lawsuits for $4,600.00. Swanzy further asserts that he objected to the trustee’s compromise offer and after a hearing, the bankruptcy judge issued the order contained in this record.

. Louisiana Civil Code article 2652 provides in pertinent part:
When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assign-ee paid for the assignment, with interest from the time of the assignment. (Emphasis added.)

. We note that the third circuit reached a contrary result in Calderera v. O’Carroll, 551 So.2d 824, 827 (La.App. 3rd Cir.1989), writ denied, 556 So.2d 60 (La.1990), rejecting the assertions that the right of redemption allowed by La. C.C. art. 2652 applies to transfers to third parties and not to transfers from a trastee to the bankrupt, who merely is restored to his original capacity. To the extent that this opinion is inconsistent with the third circuit's own opinions in Moss, supra, and Mundell, supra, as well as being inconsistent with the fourth circuit's Leydecker case, more *908 directly on point, as well as the other cases cited herein, we decline to follow it.

. Our reversal of the judgment on this substantive basis makes it unnecessary to address Swanzy's assignment of error that the trial court erred in granting the motion in favor of non-party movers and extinguishing Swanzy’s cause of action in a totally unrelated lawsuit. We simply note that such procedure is unprecedented and reaches beyond the authority of the trial court.