704 So.2d 1248 (1997)
Sharon K. MOSS, As Dative Testamentary Executrix for the Succession of William J. Moss, Plaintiff-Appellee-Appellant,
v.
A. Sam COURY, Defendant-Appellant-Appellee.
No. 97-640.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1997.
Rehearing Denied February 19, 1998.
Kenneth Alan Goodwin, New Orleans, for William J. Moss.
Gary Lee Boland, Lee H. des Bordes, Jr., Baton Rouge, for A. Sam Coury.
Before THIBODEAUX, AMY and SULLIVAN, JJ.
*1249 THIBODEAUX, Judge.
Sharon Moss, succession representative of decedent, William J. Moss, seeks specific performance against the defendant, A. Sam Coury, to compel the transfer of two hundred shares of Coury Moss, Inc. stock from Coury to her, individually and as the executrix for the Succession of William J. Moss. The defendant has transferred all but two hundred shares of stock which he had previously agreed to transfer. The plaintiff's cause of action is based upon the defendant's alleged breach of the terms of an agreement between Coury and decedent, William J. Moss.
The trial court granted a motion for summary judgment in favor of the plaintiff, ordering the defendant to transfer two hundred shares of Coury Moss, Inc. stock to the plaintiff, Sharon Moss, as dative testamentary executrix of the Succession of William J. Moss. The trial court also granted the plaintiff's exception of no cause of action and dismissed the defendant's third reconventional demand which sought the return of all stock owned by William J. Moss and the invalidation of the shareholders' agreement because of Moss' death. The defendant appeals the judgments of the trial court.
Based on the following reasons, we affirm the judgment of the trial court which granted the plaintiff's motion for summary judgment compelling the transfer of two hundred shares from the defendant to the plaintiff. We also decline review of the trial court judgment sustaining the plaintiff's exception of no cause of action.

I.

ISSUES
We must consider and decide:
1. whether the trial court erred in granting the plaintiff's motion for summary judgment ordering the transfer of two hundred shares of Coury Moss, Inc. stock to the plaintiff; and
2. whether the order of the trial court sustaining the plaintiff's exception of no cause of action is a final, appealable judgment.

II.

FACTS
This appeal represents the current phase of a convoluted lawsuit. The background facts surrounding this suit have been recited in detail by this court in preceding opinions relative to this ongoing dispute.[1] For purposes of our review, we shall recite only those facts which are pertinent to this appeal.
On June 28, 1979, William J. Moss and A. Sam Coury agreed to form a corporation, Coury Moss, Inc., for the purpose of operating an automobile dealership. Pursuant to an agreement between the two sole shareholders, Coury would own 75% of the corporation and Moss would own 25%. In accordance with the agreement, the parties agreed that Coury would sell 2/3 of his share of stock ownership to Moss within a five-year period for a total amount of $62,500.00. During this five-year period, one hundred shares were to be transferred annually, at book value, beginning December 31, 1980.
In consideration for this agreement, Moss agreed to provide two automobiles per year to the defendant for his personal use, and Moss was to manage the dealership and serve as president of Coury Moss, Inc. for a monthly salary of $4,200.00. The defendant also agreed to lease Coury Moss, Inc. the land which the defendant purchased for the automobile dealership site, provided that Coury Moss, Inc. pay the taxes and rent on the land.
In accordance with the agreement, Coury transferred one hundred shares of stock annually to Moss in 1980, 1981, and 1982. In 1983, Coury refused to transfer the remaining stock alleging that Moss had not fulfilled certain obligations which were conditions precedent to Coury selling the stock. The defendant also asserted that Moss had not paid for the transfer of the last one hundred *1250 shares. Moss then discontinued paying rent to the defendant.
On November 20, 1985, Moss brought suit for specific performance against Coury to compel the transfer of the remaining two hundred shares of stock. On February 7, 1986, the defendant answered and filed a reconventional demand seeking the cancellation and return of all stock received by the plaintiff. The reconventional demand averred that the plaintiff had breached certain obligations stipulated in the shareholder's agreement. William J. Moss died on December 17, 1989. His ex-wife, Sharon Moss, as dative testamentary executrix of the Succession of William J. Moss, was substituted as the plaintiff in later proceedings.
On April 5, 1990, the defendant filed an amended and supplemental reconventional demand. The reconventional demand averred that the plaintiff engaged in conduct violative of the Racketeering-Influenced and Corrupt Organizations Act ("RICO"). The defendant filed a second amended and supplemental reconventional demand on July 17, 1990. The reconventional demand sought the sale of all of the plaintiff's stock in Coury Moss, Inc. to the defendant at the book value of the stock.
On August 10, 1990, the defendant filed a third amended and supplemental reconventional demand. The reconventional demand added Coury, Ltd. as a party, and averred that the defendant was entitled to purchase the stock due to the death of William J. Moss.
Thereafter, Sharon Moss, as dative testamentary executrix of the Succession of William J. Moss, filed a motion for summary judgment seeking the transfer of the remaining two hundred shares of stock from the defendant. The defendant urged his third amended and supplemental reconventional demand seeking the return of all shares of Coury Moss, Inc. stock which had been transferred to the decedent, William J. Moss. In opposition to the defendant's third reconventional demand, the plaintiff filed an exception of no cause of action.
After reviewing the evidence, the trial court granted both the motion for summary judgment and the exception of no cause of action in favor of the plaintiff. A. Sam Coury now appeals the trial court order granting the motion for summary judgment in favor of the plaintiff. The defendant also appeals the trial court order sustaining the plaintiff's exception of no cause of action and dismissing the defendant's third supplemental reconventional demand.

III.

LAW AND DISCUSSION

Summary Judgment
In this suit, the defendant contends that the trial court erred by granting the plaintiff's motion for summary judgment. The defendant insists that the corporation's articles of incorporation which went into effect about a week after the agreement in dispute, as opposed to the shareholders' agreement, govern the transfer of stock. The defendant also contends that the transfer of the stock is precluded due to the provisions set forth in the articles of incorporation.
As a general rule, "[a]ppellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of the appropriateness of summary judgment." Potter v. First Federal Savings & Loan Ass'n of Scotlandville, 615 So.2d 318, 325 (La.1993), citing Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991).
As amended and reenacted by Act No. 483, § 1 of the 1997 Regular Session, La. Code Civ.P. art. 966, in pertinent part, provides:
C.(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the *1251 matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
In Hayes v. Autin, 96-287, p. 5 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41, this court held that "[a] motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The burden of proof remains with the mover to show that no material issues of fact exist. Id. The mover must present supportive evidence that the motion for summary judgment is warranted. Id. The burden, however, shifts to the non-moving party once the mover has made a prima facie showing that the motion should be granted. Id.
Based on the retroactive application of La. Code Civ.P. art. 966 and our review of the trial record, we conclude that summary judgment was properly granted in favor of Ms. Sharon Moss, as dative testamentary executrix of the Succession of William J. Moss. We find that the defendant failed to satisfy the burden of proving the existence of genuine issues of material fact. As a matter of law, the plaintiff is entitled to summary judgment.
The shareholders' agreement, in pertinent part, provides:
It is further understood and agreed by and between the parties herein that Coury agrees to sell and Moss agrees to buy two-thirds (2/3) of Coury's 75% stock ownership in said corporation (2/3 of 75% stock = 50% stock) within a period of five (5) years, for a total purchase price of $62,500.00, payable annually on or before December 31st, commencing December 31, 1980, at book value on the following purchase schedule:
1/5 of 50% stock by December 31, 1980;
1/5 of 50% stock by December 31, 1981;
1/5 of 50% stock by December 31, 1982;
1/5 of 50% stock by December 31, 1983; and
1/5 of 50% stock by December 31, 1984.
In consideration for the stock transfer, Moss agreed to: 1) manage the corporation, Coury Moss, Inc.; 2) provide two automobiles to the defendant for personal use; and, 3) lease a certain parcel of property from the defendant on behalf of Coury Moss, Inc.
The trial record shows that the defendant did not transfer stock interests in either 1983 or 1984. Pursuant to the shareholders' agreement, the plaintiff demanded the transfer of the remaining two hundred shares of stock from the defendant. The defendant refused to transfer the stock.
After reviewing the record, we find that the shareholders' agreement is valid and enforceable. The defendant's refusal to transfer the remaining stock constitutes a breach of the agreement. Therefore, pursuant to the agreement, the plaintiff is entitled to the transfer of the remaining two hundred shares of stock from the defendant.
Coury argues that the agreement of June 28, 1979 requires that he be given the first opportunity to purchase Moss' shares of the stock upon Moss' death. The relevant portion of the agreement specifies the following:

Unless otherwise agreed between the parties hereto the corporation is to be a closed corporation and if either party should desire to sell his stock or if either *1252 party should die or become disabled, in that event, his stock must first be offered to the remaining stockholder, at a price equal to the book value of such stock, but not less than costs basis thereof, if the book value should be less than costs. (Emphasis supplied).
Coury's argument is without merit. The provision quoted above is qualified by the language, "[u]nless otherwise agreed upon between the parties." The procedure for the transfer of stock after death is governed by the articles of incorporation which both parties agreed to. To that extent, these articles modify the agreement.
The relevant provisions of the articles of incorporation provide the following:

ARTICLE X
No shareholder may sell any stock of this corporation without first offering it to this corporation on the basis of book value. Said offer must be made by delivering to the Secretary of this corporation, against written receipt, the certificates representing said stock, endorsed in blank, with a written offer to sell said stock and this corporation shall have the right, for a period of fifteen (15) days from the delivery of such offer, to purchase the stock of said shareholder, for cash, at the book value thereof as shown by the last preceding statement of this corporation, after which fifteen (15) days the said shares may be sold without restriction.
No sale of any of the stock of this corporation shall be valid and binding until and unless opportunity to purchase such shares has been given to this corporation in the manner in this article provided; and, this [sic] rights, so vested in this corporation, shall follow any of the stock of this corporation so sold without such opportunity being given into any hands into which it may pass. Such right may be exercised against the holder(s) of such stock up to thirty (30) days after such shares are tendered for transfer on the books of this corporation, and no transfer of any such shares shall be made on the books of this corporation without the written consent of all of the other record holders of stock of this corporation, during the pendency of said thirty (30) day period.
The right vested in this corporation to purchase the stock of any shareholder of this corporation desiring to sell any stock of this corporation may be waived, in writing, by all of the other record shareholders of this corporation at any time.
ARTICLE XI
Notwithstanding the provisions of Article X, in the event of death or total disability of any stockholder of this corporation owing [sic] at that time more than 25% of stock, such stockholder, his heirs or legal representatives is bound and obligated to transfer, at book value, to the corporation, all of his stock, provided he or his legal heirs or representatives may retain up to 25% of the stock of this corporation.
According to the terms of the shareholders' agreement, the defendant agreed to transfer two-thirds of his stock to the plaintiff within a five-year period from December 1980 to December 1984. The defendant breached a valid and enforceable agreement by refusing to transfer stock in 1983 and 1984. William J. Moss died in 1989.
Under La.R.S. 12:29, a shareholders' agreement may contain any lawful provision regulating the affairs of a corporation or the rights and liabilities of its shareholders, which is not required to be set forth in the articles. The agreement is binding on all parties at the time the agreement is executed. La.R.S. 12:29.
The plaintiff, Ms. Sharon Moss, as dative testamentary executrix of the Succession of William J. Moss, is entitled to specific performance of the stock transfer. The transfer of stock is governed solely by the shareholders' agreement. We find that the articles of incorporation did not invalidate the agreement. Prior to his death, Moss was legally entitled to the transfer of the stock under the terms of the agreement. In fact, absent the breach by the defendant, Moss would have received all proposed stock by December 31, 1984.
*1253 The disputed provisions of the articles of incorporation govern the general purchase of corporate stock by shareholders and the transfer of corporate stock upon the death of a shareholder. As the provisions relate to the transfer of the decedent William J. Moss' stock, the articles govern this matter only after the remaining 200 shares of stock are transferred to the Succession of William J. Moss. Once the defendant has properly transferred the stock, he may then pursue his rights as a shareholder under the articles of incorporation.
Alternatively, the defendant alleges that the plaintiff's alleged breach of certain obligations should preclude the transfer of stock. However, the alleged breaches are not related to the obligation to transfer the stock. Furthermore, the agreement says nothing regarding any conditions which Moss should or should have fulfilled as a prerequisite to the sale of the stock from Coury to Moss. Coury's argument is insupportable.

Exception of No Cause of Action
The defendant contends that the trial court erred in granting the plaintiff's exception of no cause of action. In conjunction with the defendant's appeal of this issue, this court issued a rule to show cause, by brief only, why the appeals in this case should not be dismissed in accordance with the position espoused in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). After reviewing the trial record and the parties' briefs, we find that the trial court judgment sustaining plaintiff's exception of no cause of action is not a final, appealable judgment.
In Everything on Wheels Subaru, the Louisiana Supreme Court stated, "A judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable. However, a judgment partially maintaining an exception of no cause of action is a valid partial final judgment only if authorized by [La.Code Civ.P.] Article 1915." Id. at 1239.
Moreover, if a judgment partially maintains an exception of no cause of action and adjudicates one or more, but less than all, of the demands or causes of action asserted against the excepting party and is not authorized by La.Code Civ.P. art. 1915, the judgment is thereby a non-appealable, interlocutory judgment. Everything on Wheels Subaru, 616 So.2d 1234. The court asserted that the proper vehicle for obtaining a review of a non-appealable, interlocutory judgment is either 1) by application for supervisory relief from an appellate court, or 2) by ordinary appeal following a trial on the merits and rendition of the final judgment in the case which adjudicates all the remaining issues. Id.
Prior to amendments by Act 483, § 2 of the 1997 Regular Session, La.Code Civ.P. art. 1915 read as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
In this suit, the trial court granted a partial judgment maintaining the plaintiff's exception of no cause of action. Applying the reasoning of Everything on Wheels Subaru, we find that the trial court judgment does *1254 not fall within the scope of La.Code. Civ.P. art. 1915.
Alternatively, the defendant argues that the granting of the exception of no cause of action caused irreparable injury to him and his cause of action. To the contrary, we find that the defendant has multiple causes of action remaining which he asserts against the plaintiff. The record shows that the exception of no cause of action was directed only to the defendant's third reconventional demand.
In his other reconventional demands, Mr. Coury pursues other causes of action against the plaintiff under tort law and federal racketeering laws (e.g., RICO). Based on the record in this suit, there are still numerous issues which remain to be resolved. Mr. Coury himself admits in his brief before this court that "[t]he additional causes of action (in his First Amended & Supplemental Reconventional Demand) were based on tort and arose out of subsequent and other events not entirely dependant [sic] on the enforcement of the June 28, 1979 contract." The defendant must also address issues raised by the decedent's son, William C. Moss, who has filed for intervention in this suit to assert his rights.

Discrepancy between Judgment and Reasons for Judgment
The plaintiff contends that, in oral comments on the record, the trial court expressed an opinion in opposition to the argument that Ms. Sharon Moss should be entitled to a community property interest in all shares held in her deceased husband's name or to which he was entitled at the time of death. These remarks by the court were made during the September 23, 1996 hearing. The plaintiff is concerned whether the trial court's comments regarding the community property interest of Sharon K. Moss are part of the judgment of the trial court or simply comments indicating the court's stance on that issue.
If any disparities or discrepancies exist between the reasons for judgment and the judgment rendered by the court, the judgment controls. Duplechin v. Toce, 497 So.2d 763, 768 (La.App. 3 Cir.1986), writ denied, 499 So.2d 86 (La.1987); Louisiana Insurance Guaranty Ass'n v. International Insurance Co., 551 So.2d 50 (La.App. 1 Cir.1989).
Although the court entertained oral argument concerning the community property interests of Ms. Sharon Moss, the court neither reviewed nor made a definitive ruling on this issue. In light of any disparity between the judgment rendered by the court and the court's reasons for judgment, the judgment of the trial court is controlling. Id. In this suit, the judgment of the trial court is clear and specific. There is no reference to the issue of Ms. Sharon Moss' community property interests within the judgment.

IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court granting the plaintiff's motion for summary judgment is affirmed. The judgment of the trial court sustaining plaintiff's exception of no cause of action is non-appealable and not subject to review by this court. All costs are assessed against defendant-appellant, A. Sam Coury.
AFFIRMED.
NOTES
[1] See Moss v. Coury, 602 So.2d 175 (La.App. 3 Cir.1992); Moss v. Coury, 613 So.2d 270 (La. App. 3 Cir.1992).