STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 06-289 consolidated with CA 06-848


SUCCESSION OF WILLIAM J. MOSS


**********


APPEAL AND WRIT OF REVIEW FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 890597
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE


**********


MARC T. AMY
JUDGE


**********


Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

                                                           AFFIRMED.


Saunders, J., dissents in part.

    Kenneth A. Goodwin
    1821 Joseph Street
    New Orleans, LA   70115-5003
    (504) 895-2286
    COUNSEL FOR RESPONDENT:
        Coury Moss, Inc.

    James Paul Lambert
    Post Office Box 53083
    Lafayette, LA   70505-3083
    (337) 261-3737
    COUNSEL FOR RESPONDENT:
        A. Sam Coury

    Oscar E. Reed, Jr.
    The LaBorde Law Firm
    Post Office Box 80098
    Lafayette, LA   70598-0098
    (337) 261-2617
    COUNSEL FOR RESPONDENT:
        A. Sam Coury

**James Huey Gibson**
**Neil G. Vincent**
**David J. Ayo**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, LA   70502-3768**
**(337) 291-1320**
**COUNSEL FOR APPLICANT:**
       **Sharon K. Moss**

AMY, Judge.

Mrs. Moss, individually, as dative testamentary executrix of her husband's succession, and as president of the closely held corporation in which the decedent was a shareholder, contests the trial court's Order Enforcing Final Judgment. She contends that the order requires the transfer of stock which she does not yet have in her possession and permits the opposing shareholder to escape the procedural requirements of La.R.S. 10:8-405. She also argues that the order erroneously compels performance by the corporation, a nonparty. Dr. Coury seeks a determination that this matter is not properly appealable. He also requests damages for frivolous appeal. We affirm.

## Factual and Procedural Background

This case has an extensive history[1] and arrives again for review of an Order Enforcing Final Judgment. For purposes of discussion, we revisit a portion of the litigation's background.

Coury Moss, Inc. was established in 1979 by William J. Moss and A. Sam Coury. One thousand shares were issued in the closed corporation. Mr. Moss held 250 shares, while Dr. Coury held the remaining 750 shares. Per a Shareholders Agreement, also executed in 1979, Dr. Coury agreed to sell five hundred shares in the corporation, in one hundred share allotments, to Mr. Moss between 1980 and 1984. While Dr. Coury transferred three hundred shares between 1980 and 1982, he did not transfer the remaining two hundred shares. Mr. Moss died in 1989 while suit was pending as to the failure to transfer the remaining two hundred shares. Mr. Moss's

---

[1] This court has reviewed rulings in this matter on a number of occasions. *See Succession of Moss*, 00-62 (La.App. 3 Cir. 6/21/00), 769 So.2d 614, *writ denied*, 00-2834 (La. 12/8/00), 776 So.2d 462; *Moss v. Coury,* 97-640 (La.App. 3 Cir. 12/10/97), 704 So.2d 1248, *writ denied,* 98-783 (La.5/29/98), 720 So.2d 340; *Moss v. Coury,* 613 So.2d 270 (La.App. 3 Cir.1992*), writ denied,* 614 So.2d 1259 (La.1993); *Coury v. Moss,* 613 So.2d 272 (La.App. 3 Cir.1992*), writ denied,* 614 So.2d 1259 (La.1993); *Coury v. Moss,* 613 So.2d 273 (La.App. 3 Cir.1992), *writ denied,* 614 So.2d 1259 (La.1993*); Coury v. Moss,* 613 So.2d 274 (La.App. 3 Cir.1992*), writ denied,* 614 So.2d 1259 (La.1993); *Moss v. Coury,* 602 So.2d 175 (La.App. 3 Cir.1992).

wife, Sharon K. Moss, was named dative testamentary executrix of the Succession.

Coury Moss, Inc.'s Articles of Incorporation indicate that at the death of a shareholder owning twenty-five percent or more of the stock, his heirs or legal representatives are required to transfer "at book value, to the corporation, all of his stock, provided he or his legal heirs or representatives may retain up to 25% of the stock of [the] corporation."

Following litigation as to the above provisions, a panel of this court ordered the partition of the 550 shares held by Mr. Moss and his interest in the two hundred shares that were not transferred in 1983 and 1984. *See Succession of Moss*, 00-62 (La.App. 3 Cir. 6/21/00), 769 So.2d 614, *writ denied*, 00-2834 (La. 12/8/00), 776 So.2d 462. The court distributed one-half of the interest to Mrs. Moss and one-half to the Succession. The court ordered Mrs. Moss, in her individual capacity, and the Succession to pay Dr. Coury book value for the shares. Finally, the court instructed Mrs. Moss and the Succession to retain no more than a total of twenty-five percent of the shares and transfer the remainder to Coury Moss, Inc.

Subsequently, a judgment entered in an ongoing portion of this litigation determined that Dr. Coury had been compensated for the two hundred shares that he was required to transfer to Mrs. Moss and to the Succession. With regard to the value of the shares ordered returned to Coury Moss, Inc., another judgment indicated the "book value for two hundred fifty (250) shares of Coury Moss, Inc. stock was $95,212.50 upon the death of William J. Moss."

In October 2005, Dr. Coury filed a Motion to Execute Final Judgment and asserted that, pursuant to La.Code Civ.P. art. 2251[2], he was due enforcement of the

---

[2] Entitled "Execution only in trial court; appellate court judgment," Article 2251 provides:

A judgment can be executed only by a trial court.

judgment rendered in *Succession of Moss*,769 So.2d 614. Dr. Coury submitted his affidavit and that of his attorney indicating that the stock certificates representing the two hundred shares of stock he was ordered to transfer to Mrs. Moss and the Succession were lost. He also filed an "Act of Transfer of Stock of Coury Moss, Inc." acknowledging the loss of the certificates and attempting to transfer one hundred of the shares of stock to Mrs. Moss and one hundred shares to the Succession.

Following a hearing, the trial court rendered the "Order Enforcing Final Judgment" now under review.[3] The Order enforced the opinion rendered in

A party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court. This filing may be made without prior notice to the adverse party.

[3] The Order provides, in part:

The Court, after hearing argument of counsel, and considering the matters filed of record herein, ruled as follows:

IT IS ORDERED that the Judgment of the Third Circuit Court of Appeal dated June 21, 2000, is hereby enforced.

IT IS FURTHER ORDERED that A. Sam Coury make request for re-issuance of certificates 5 & 6 representing 100 shares of Coury Moss, Inc. each, and that he comply with the provisions of La.R.S. 10:8-405, except that he is relieved from providing an indemnity bond. A. Sam Coury shall include an agreement to indemnify Coury Moss, Inc. from any losses or costs associated with any future presentation of or claims by third parties claiming to own or possess the lost original certificates 5 & 6.

IT IS FURTHER ORDERED that upon compliance by A. Sam Coury with the Lost Stock Request Order, Sharon K. Moss, in her capacity as President of Coury Moss, Inc. shall cancel certificates 5 & 6 on the records of Coury Moss, Inc. and issue to Sharon K. Moss, individually, 100 shares in Coury Moss, Inc. and issue to Sharon K. Moss, as Dative Testamentary Executrix for the Succession of William J. Moss, 100 shares in Coury Moss, Inc.

IT IS FURTHER ORDERED that Sharon K. Moss as President of Coury Moss, Inc. pay out of the accounts of the corporation the following sums:

A.    $95,212.50 to Sharon K. Moss for 250 shares of Coury Moss, Inc.
B.    $95,212.50 to the Succession of William J. Moss for 250 shares of Coury Moss, Inc.

After the entries ordered above and in compliance with the Third Circuit Court of Appeal Judgment, the ownership of Coury Moss, Inc. shall be as follows:

A.    Sam Coury, 250 shares;
B.    Sharon K. Moss, 125 shares;

*Succession of Moss*, 769 So.2d 614 and required Dr. Coury to request re-issuance of the stock according to the terms of La.R.S. 10:8-405. The trial court ordered Dr. Coury to personally indemnify the company for any loss associated with the original lost certificates. The trial court also ordered Mrs. Moss, as President of Coury Moss, Inc., to cancel the original certificates and issue one hundred shares to herself and one hundred shares to the Succession and then, pay $95,212.50 to herself and $95,212.50 to the Succession for the transfer of a total of five hundred shares to Coury Moss, Inc. The order declared that, after these transfers, Coury Moss, Inc. ownership would be as follows: Dr. Coury - 250 shares; Mrs. Moss - 125 shares; Succession of William J. Moss - 125 shares; CMI treasury - 500 shares. The trial court ordered that the required actions take place within thirty days.

Mrs. Moss, individually, as executrix of the succession, and as President of Coury Moss, Inc., suspensively appealed and also filed an application for review by supervisory writ. This court ordered the matters consolidated. In both filings, Mrs. Moss assigns the following as error:

I. The trial court erred in granting SAM COURY the relief he sought as he never complied with this Court's ruling in *Succession of Moss*, 2000-62 (La.App. 3 Cir. 6/21/00), 769 So.2d 614.

II. The trial court erred in holding that SAM COURY did not have to comply with the entirety of La. R.S. 10:8-405.

III. The trial court erred in ordering Sharon K. Moss, in her capacity as President of Coury Moss, Inc., to cause Coury Moss, Inc., a non-party, to perform certain non-ministerial acts as such relief is not available via mandamus or mandamus-like procedure and can only be brought via ordinary procedure against CMI as a party.

---

C. Succession of William J. Moss, 125 shares, which shares will continue to be voted by the Executrix, Sharon K. Moss, on behalf of the Succession;

D. 500 shares held as treasury shares by Coury Moss, Inc.

IT IS FURTHER ORDERED that all actions ordered by this Court take place within 30 days of this Order.

4

Dr. Coury answered the appeal, arguing that there is no review by appeal of what he terms an "executory order" of the trial court and, thus, an injunction or review by supervisory writ are the only available relief. He also seeks damages for frivolous appeal.

**Discussion**

*Prematurity*

As she did below, Mrs. Moss argues that enforcement of the appellate decision is premature. She contends that Dr. Coury has not yet properly transferred the two hundred shares that remain due under the Shareholders Agreement. The transfer was required by final judgments in *Succession of Moss*,769 So.2d 614 and in *Moss v. Coury*, 97-640 (La.App. 3 Cir. 12/10/97), 704 So.2d 1248, *writ denied*, 98-0783 (La. 5/29/98), 720 So.2d 340. Mrs. Moss contends that without this initial transfer, she and the Succession are in possession of only 550 shares and, thus, they cannot comply with the order insofar as it orders the transfer of five hundred shares to Coury Moss, Inc. and the retention of 125 shares for herself and 125 for the Succession.

This prematurity argument ignores those portions of the order that focus on Dr. Coury's preliminary responsibilities. Both *Succession of Moss*, 769 So.2d 614, and the trial court's order specify a series of events. The trial court clearly established a path by which Dr. Coury must first transfer the outstanding two hundred shares. This transfer order took into account the procedure that must be followed in order to transfer the shares given the fact that the certificates were lost. Specifically, the order indicates that "upon compliance of A. Sam Coury with the Lost Stock Order . . . [,]" Mrs. Moss is ordered to perform thereunder. It is erroneous to assert that the order requires performance only by Mrs. Moss or that her performance must occur prior to that of Dr. Coury. This assignment lacks merit.

5

*La.R.S. 10:8-405*

Mrs. Moss next questions the trial court's determination that Dr. Coury must comply with La.R.S. 10:8-405 in replacing the lost stock certificates, but that he is not required to file a bond with the issuer.

Entitled "Replacement of lost, destroyed, or wrongfully taken security certificate," La. R.S. 10:8-405 provides, in part:

> (a)    If an owner of a certificated security, whether in registered or bearer form, claims that the certificate has been lost, destroyed, or wrongfully taken, the issuer shall issue a new certificate if the owner:
>
> (1)    so requests before the issuer has notice that the certificate has been acquired by a protected purchaser;
>
> (2)    files with the issuer a sufficient indemnity bond; and
>
> (3)    satisfies other reasonable requirements imposed by the issuer.

The issue of the filing of a bond was discussed at length at the hearing on the motion to enforce. The trial court ultimately ordered that:

> A. Sam Coury make request for re-issuance of certificates 5 & 6 representing 100 shares of Coury Moss, Inc. each, and that he comply with the provisions of La.R.S. 10:8-405, except that he is relieved from providing an indemnity bond. A. Sam Coury should include an agreement to indemnify Coury Moss, Inc. from any losses or costs associated with any future presentation of or claims by third parties claiming to own or possess the lost original certificates 5 & 6.

While the language, above, would appear that the trial court is relieving Dr. Coury, in full, from providing an indemnity bond, the remainder of the paragraph indicates that the trial court permitted Dr. Coury to guarantee against any future claims with a personal bond. Thus, Coury Moss, Inc. is afforded the protection of a bond, but through Dr. Coury's personal bond rather than a commercial bond. Although evidence as to Dr. Coury's ability to personally indemnify the business was not

6

accepted at the hearing, the trial court was aware that, even after the transfer, Dr. Coury will hold 250 shares of stock. We find no error in the trial court's ruling under these circumstances.

*Performance of Specific Acts*

Finally, Mrs. Moss points out that Coury Moss, Inc. is not a party to these proceedings and argues that the trial court erred in ordering her, as President of Coury Moss, Inc., to perform certain actions on behalf of the company.[4] She asserts that, while she can personally anticipate performing as ordered by the court, "[t]here is no order by the court against CMI to purchase the 500 shares or to pay any price therefor. CMI's obligations with respect to the 500 shares, if any, are a matter for another court, on another day, in a proceeding properly instituted against CMI."

The judgment in *Succession of Moss*, 769 So.2d 614 had been final for six years before the motion to enforce was presented to the trial court. Very few actions had been taken in complying with the express order of this court. In that light, the trial court fashioned its order to clearly establish the measures required of all concerned in carrying out both the implied and express orders of the appellate decision. The court recognized that the corporation is a closed one and is owned in full by the

---

[4] Again, the judgment requires, in part:

> IT IS FURTHER ORDERED that upon compliance by A. Sam Coury with the Lost Stock Request Order, Sharon K. Moss, in her capacity as President of Coury Moss, Inc. shall cancel certificates 5 & 6 on the records of Coury Moss, Inc. and issue to Sharon K. Moss, individually, 100 shares in Coury Moss, Inc. and issue to Sharon K. Moss, as Dative Testamentary Executrix for the Succession of William J. Moss, 100 shares in Coury Moss, Inc.
>
> IT IS FURTHER ORDERED that Sharon K. Moss as President of Coury Moss, Inc. pay out of the accounts of the corporation the following sums:
>
> A.    $95,212.50 to Sharon K. Moss for 250 shares of Coury Moss, Inc.
> B.    $95,212.50 to the Succession of William J. Moss for 250 shares of Coury Moss, Inc.

parties before it. Given its authority pursuant to La.Code Civ.P. art. 191,[5] we find no error in its ruling.

*Answer to the Appeal*

In his answer, Dr. Coury asserts that review of the trial court's order, if any, must be by application for supervisory writ. As noted above, Mrs. Moss filed both an application for supervisory writ as well as an appeal. These filings have been consolidated. Accordingly, we deny his answer in this regard. We further deny his request for damages for frivolous appeal insofar as we do not find the appeal to have been taken solely for the purpose of delay, that serious legal questions have not been raised, or that counsel does not believe in the position advanced. *Evans v. City of Natchitoches*, 05-1278 (La.App. 3 Cir. 4/5/06), 927 So.2d 608, *writ denied*, 06-1039 (La. 6/23/06), 930 So.2d 982.

## DECREE

For the foregoing reasons, the Order Enforcing Final Judgment is affirmed. All costs of this appeal are assigned to the appellant, Sharon K. Moss, individually, as dative testamentary executrix of the Succession of William J. Moss, and as President of Coury Moss, Inc.

**AFFIRMED.**

---

[5] Article 191 provides that: "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law."

8

NUMBER CA 06-0289 c/w 06-0848

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

SUCCESSION OF WILLIAM J. MOSS

SAUNDERS, J., dissents in part.

I dissent in part. I would award damages for frivolous appeal. In all other respects, I agree with the majority.