STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1246

SUCCESSION OF WILLIAM J. MOSS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 890597
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Cooks, J. concurs in the result.

Edward C. Abell Jr.
Lawrence L. Lewis III
James D. Bayard
Onebane Law Firm
P. O. Box 3507
Lafayette, LA 70502-3507
Counsel for Appellant:
        Coury Moss, Inc.

James Paul Lambert
Attorney at Law
P. O. Box 53083
Lafayette, LA 70505-3083
Counsel for Appellee:
        A. Sam Coury

**Oscar E. Reed  Jr.**
**LaBorde Law Firm**
**P. O. Box 80098**
**Lafayette, LA 70598-0098**
**Counsel for Appellee:**
**A. Sam Coury**

**Neil G. Vincent**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette, LA 70502-3768**
**Counsel for Appellee:**
**Sharon K. Moss**

**PICKETT, Judge.**

Coury Moss, Inc. appeals a judgment of the trial court rendered April 4, 2007 denying its petition for nullity which sought to annul a judgment of the trial court, rendered February 14, 2006, enforcing a judgment of this court which was rendered September 13, 2000 (*Succession of Moss*, 00-62 (La.App. 3 Cir. 6/21/00), 769 So.2d 614, *writ denied*, 00-2834 (La. 12/8/00), 776 So.2d 462) and reaffirmed by this court on November 2, 2006 (*Succession of Moss*, 06-289, 06-848 (La.App. 3 Cir. 11/2/06), 943 So.2d 553, *writ denied*, 06-2861 (La. 2/2/07), 948 So.2d 1084).

Dr. A. Sam Coury, a principal in the suit, answered the appellant's appeal claiming the actions of the attorneys for Coury Moss, Inc. constitute constructive contempt and that this appeal is frivolous. Dr. Coury suggests that the attorneys for Coury Moss, Inc. be ordered to refund all legal fees to the corporation as a penalty for their constructive contempt and that he be awarded damages to compensate him for his legal expenses in defending this appeal. We affirm the judgment of the trial court and deny Dr. Coury's request for damages for frivolous appeal.

## LAW AND DISCUSSION

As noted by this court in *Moss v. Coury*, 613 So.2d 270, 271 (La.App. 3 Cir. 1992): "This case is one of several in a body of complex, protracted, [and] piecemeal litigation." At the onset, we also note that Coury Moss, Inc. was a closely held corporation consisting of a total of one-thousand shares of stock, wholly owned by William J. Moss and Dr. Coury. The case sub judice was originally filed in the Fifteenth Judicial District Court on December 21, 1989, following the death of Mr. Moss. The object of the suit, then, was to determine the ownership of certain shares of stock in Coury Moss, Inc. In *Succession of Moss*, 00-62, pp. 11-12 (La.App. 3 Cir.

1

6/21/00), 769 So.2d 614, 621, *writ denied*, 00-2834 (La. 12/8/00), 776 So.2d 462, this court concluded as follows:

> Of the seven hundred fifty shares at issue here, the succession and Mrs. Moss may retain a total of twenty-five percent of the corporation's stock, two hundred fifty shares, and must transfer five hundred shares to Coury Moss, Inc. Consistent with Louisiana community property law, we hereby divide this obligation equally. Mrs. Moss is entitled to keep one hundred twenty-five shares of Coury Moss, Inc. stock and must transfer two hundred fifty of her shares to the corporation for book value. Similarly, the succession may keep one hundred twenty-five shares of Coury Moss, Inc. stock and must transfer two hundred fifty shares to the corporation for book value. The shares they retain will continue to be subject to the Shareholders' Agreement and the Articles of Incorporation.

Since the rendering of that decision, Ms. Sharon K. Moss, the widow of William J. Moss, executrix of his succession and the President of Coury Moss, Inc., has used every legal means at her disposal to avoid complying with the judgment of this court. The latest attempt to circumvent the orders of this court is the action before us, a petition for nullity, instituted by the juridical person, Coury Moss, Inc., of which Ms. Moss is president.

On appeal, Coury Moss, Inc. argues that it was never before the court and accordingly, that any judgment which orders it to do anything is an absolute nullity. This court has previously ruled that Coury Moss, Inc. is before this court. In *Succession of Moss*, 06-289, 06-848 (La.App. 3 Cir. 11/2/06), 943 So.2d 553, *writ denied*, 06-2861 (La. 2/2/07), 948 So.2d 1084, we stated the following:

> Mrs. Moss, individually, as executrix of the succession, and as President of Coury Moss, Inc., suspensively appealed . . . assign[ing] the following as error:
> . . . .
> III.   The trial court erred in ordering Sharon K. Moss, in her capacity as President of Coury Moss, Inc., to cause Coury Moss, Inc., a non-party, to perform certain non-ministerial acts . . . .
> . . . .

2

Mrs. Moss points out that Coury Moss, Inc. is not a party to these proceedings and argues that the trial court erred in ordering her, as President of Coury Moss, Inc., to perform certain actions on behalf of the company. She asserts that, while she can personally anticipate performing as ordered by the court, "[t]here is no order by the court against CMI to purchase the 500 shares or to pay any price therefor. CMI's obligations with respect to the 500 shares, if any, are a matter for another court, on another day, in a proceeding properly instituted against CMI."

The judgment in *Succession of Moss*, 769 So.2d 614 had been final for six years before the motion to enforce was presented to the trial court. Very few actions had been taken in complying with the express order of this court. In that light, the trial court fashioned its order to clearly establish the measures required of all concerned in carrying out both the implied and express orders of the appellate decision. The court recognized that the corporation is a closed one and is owned in full by the parties before it. Given its authority pursuant to La.Code Civ.P. art. 191, we find no error in its ruling.

*Succession of Moss*, 943 So.2d at 556-58. The appellant applied for writs to the supreme court, and that application was denied.

In *Henderson v. Sellers*, 03-747, p. 4 (La.App. 3 Cir. 12/17/03), 861 So.2d 923, 927, this court reviewed the "law of the case" doctrine as follows:

In *Cree Oil Co. v. Home Ins. Co.*, 94-1219, p. 17 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, 629, *writ denied*, 95-1554 (La.9/29/95); 660 So.2d 875, this court discussed the law of the case doctrine (quoting *Dodson v. Cmty. Blood Ctr. of La., Inc.*, 633 So.2d 252, 255 (La.App. 1 Cir.1993), *writs denied*, 93-3158 (La.3/18/94), 634 So.2d 850 and 93-3174 (La.3/18/94), 634 So.2d 851):

The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. *See Brumfield v. Dyson*, 418 So.2d 21 (La.App. 1st Cir.), *writ denied*, 422 So.2d 162 (La.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *Day v. Campbell-Grosjean Roofing and*

3

> *Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105 (1971).
> This doctrine is not an inflexible law, thus appellate courts
> are not absolutely bound thereby and may exercise
> discretion in application of the doctrine. It should not be
> applied where it would accomplish an obvious injustice or
> where the former appellate decision was manifestly
> erroneous. *Brumfield v. Dyson*, 418 So.2d at 22.

Inasmuch as we have previously ruled on this issue and, inasmuch as application of the law of the case doctrine would not accomplish an obvious injustice, but would, instead, promote efficiency and fairness and hopefully bring this litigation to an end, we refuse to revisit the issue. We affirm the judgment of the trial court dismissing Coury Moss, Inc.'s petition for nullity.

Finally, we address Dr. Coury's request for damages for frivolous appeal. Dr. Coury suggests that the actions of the attorneys who represented Coury Moss, Inc. in this appeal constitute constructive contempt of this court and consequently, as penalty thereof, they should be ordered to return their fees to the corporation. We find no law to justify such action. Since the award to Dr. Coury of attorney's fees would necessarily have to come out of corporate funds, thus decreasing the assets of the corporation, we likewise deny this request. *See In re Tulane Homestead Ass'n*, 11 So.2d 536, 202 La. 221(La.1943). Appellant is cast with all costs of this proceeding.

**AFFIRMED.**