# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1578


**COURY MOSS, INC.**

**VERSUS**

**A. SAM COURY, ET AL.**


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-5007
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MICHAEL G. SULLIVAN**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.


**AFFIRMED.**

Edward C. Abell, Jr.
Lawrence L. Lewis, III
James D. Bayard
Onebane Law Firm
Post Office Box 3507
Lafayette, Louisiana 70502-3507
(337) 237-2660
Counsel for Plaintiff/Appellant:
 Coury Moss, Inc.

James P. Lambert
Attorney at Law
Post Office Box 53083
Lafayette, Louisiana 70505-3083
(337) 261-3737
Counsel for Defendant/Appellee:
 A. Sam Coury

**Oscar E. Reed, Jr.**
**LaBorde Law Firm**
**P. O. Box 80098**
**Lafayette, Louisiana 70598-0098**
**(337) 261-2617**
**Counsel for Defendant/Appellee:**
**A. Sam Coury**

**Neil G. Vincent**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, Louisiana 70502-3768**
**(337) 291-1240**
**Counsel for Defendant/Appellee:**
**Sharon K. Moss**

**SULLIVAN, Judge.**

Coury Moss, Inc. (CMI) appeals a judgment of the trial court granting an exception of lis pendens filed by defendant, Dr. A. Sam Coury, and dismissing CMI's petition for declaratory judgment and injunctive relief. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

As this court previously noted in *Moss v. Coury*, 613 So.2d 270, 271 (La.App. 3 Cir. 1992), *writ denied*, 614 So.2d 1259 (La.1993), "[t]his case is one of several in a body of complex, protracted, [and] piecemeal litigation." CMI is a closely held Louisiana corporation that was incorporated in 1979 for the purpose of operating an automobile dealership and which consisted of 1000 shares of stock owned by William J. Moss and Dr. A. Sam Coury. Mr. Moss first filed suit against Dr. Coury in 1985 seeking specific performance of an agreement to transfer stock. Following the death of Mr. Moss in December of 1989, his succession representative was substituted as party plaintiff and the original litigation continued, followed by a host of trials and appeals.

The instant suit was filed in September of 2007 and concerns a February 14, 2006 judgment rendered in a related matter involving the shareholders of CMI. In *Succession of Moss*, 00-62, pp. 11-12 (La.App. 3 Cir. 6/21/00), 769 So.2d 614, 621, *writ denied*, 00-2834 (La. 12/8/00), 776 So.2d 462, this court rendered the following judgment[1]:

> Of the seven hundred fifty shares at issue here, the succession and Mrs. Moss may retain a total of twenty-five percent of the corporation's

---

[1]Having determined that the trial court erroneously concluded that it was prohibited from partitioning the CMI stock owed to Mr. Moss' succession, we reviewed the case de novo from the entire record and rendered a judgment on the merits.

1

stock, two hundred fifty shares, and must transfer five hundred shares to Coury Moss, Inc. Consistent with Louisiana community property law, we hereby divide this obligation equally. Mrs. Moss is entitled to keep one hundred twenty-five shares of Coury Moss, Inc. stock and must transfer two hundred fifty of her shares to the corporation for book value. Similarly, the succession may keep one hundred twenty-five shares of Coury Moss, Inc. stock and must transfer two hundred fifty shares to the corporation for book value. The shares they retain will continue to be subject to the Shareholders' Agreement and the Articles of Incorporation.

In October 2005, Dr. Coury filed with the trial court a motion to execute the aforementioned judgment of this court, which by that time had become a final judgment. On February 14, 2006, the trial court rendered an order enforcing final judgment. The order specified that the required actions were to take place within thirty days. Mrs. Moss, individually, as executrix of the succession, and as President of CMI, suspensively appealed the order and filed an application for review by supervisory writ. This court ordered the matters consolidated. In *Succession of Moss*, 06-289, 06-848 (La.App. 3 Cir. 11/2/06), 943 So.2d 553, *writ denied*, 06-2861 (La. 2/2/07), 948 So.2d 1084, this court affirmed the order enforcing final judgment.

While the aforementioned appeal was pending, CMI filed a petition for nullity with the trial court, seeking to annul the February 14, 2006 order enforcing final judgment. By judgment dated April 4, 2007, the trial court denied the petition for nullity. CMI appealed, arguing that because it had never been before the court as a party, any judgment purporting to order it to do anything is an absolute nullity. In *Succession of Moss*, 07-1246 (La.App. 3 Cir. 3/5/08), __ So.2d __, we rejected CMI's argument, noting that this court had previously stated that we found no error in the trial court's finding that, because the corporation was a closed one that was owned by the parties who were before it, the trial court had the authority under La.Code Civ.P. art. 191 to enforce the earlier judgment against CMI. Accordingly, we applied the law

2

of the case doctrine[2] to affirm the judgment of the trial court dismissing CMI's petition for nullity.

This brings us back to the instant suit, styled as a petition for declaratory judgment, injunction and preliminary injunction, which according to CMI's brief, was filed for the following reasons:

> (1) to enjoin the enforcement against CMI of the judgment rendered against Mrs. Moss and the Succession of William J. Moss in the proceeding to which CMI was not a party; and (2) for a declaratory judgment in its favor on defenses which it would have been able to present in any litigation brought against CMI by Dr. Coury to enforce any obligation under its articles of incorporation to redeem the shares, had it been made a party to any such litigation.

Dr. Coury responded to CMI's action by filing an exception of lis pendens, on the basis that an identical proceeding, i.e., *Succession of Moss*, was pending against the same parties, in the same capacities, and involving identical issues as those raised by CMI's petition for declaratory judgment. The trial court set the exception for hearing on the same date that CMI's request for preliminary injunction was scheduled. Following a September 24, 2007 hearing, the trial court ruled in open court that it was

---

[2]We included in our opinion the following review of the law of the case doctrine:

> The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. *See Brumfield v. Dyson*, 418 So.2d 21 (La.App. 1st Cir.), *writ denied*, 422 So.2d 162 (La.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *Day v. Campbell-Grosjean Roofing and Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.

*Succession of Moss*, 07-1246, p. 3-4 (La.App. 3 Cir. 3/5/08), __ So.2d __, __.

granting the exception of lis pendens and dismissing CMI's petition for declaratory judgment and injunction with prejudice.

CMI now appeals, asserting in its sole assignment of error that the trial court erred in dismissing its petition on the basis of lis pendens.

## LAW

The basis for the exception of lis pendens is found in La.Code Civ.P. art. 531 which states:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

In *Revel v. Charamie*, 05-976, pp. 4-6 (La.App. 4 Cir. 2/15/06), 926 So.2d 582, 584-85 (footnote omitted), the Fourth Circuit discussed the three requirements necessary for a court to properly grant an exception of lis pendens:

> The test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. *Domingue v. ABC Corp.*, 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248. The exception of lis pendens has the same requirements as the exception of res judicata and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities. *Id*.

> The first requirement for granting an exception of lis pendens is that there are two or more suits pending. *Glass v. Alton Ochsner Medical Foundation*, 2002-0412, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406. . . .

> The second requirement for granting lis pendens is that the suits involve the same transaction or occurrence. *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, citing Comment (a) to La. R.S. 13:4231. . . .

> The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. The "identity of parties" prerequisite for res judicata does not mean that the parties must be the

4

same physical or material parties, so long as they appear in the same quality or capacity. *Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P.*, 01-612, p.6 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167. The only requirement is that the parties be the same "in the legal sense of the word." *Id*. at p. 6, 806 So.2d at 167.

In its reasons for judgment, the trial court discussed why it had determined that the three requirements for granting lis pendens were met:

> All shareholders of CMI, a closed corporation, were present before the Court in [*Succession of*] *Moss*. The record shows that the same parties had or are having the same issues adjudicated in the *Succession of Moss* as are raised by CMI in the present suit. The enforcement of the buy-back provision in the Articles of Incorporation of CMI is the basis of both suits.

> It is uncontroverted that an appeal by CMI is pending in [*Succession of*] *Moss*, seeking to nullify the final judgment in the case. In the instant suit CMI requests a preliminary injunction of the same judgment in [*Succession of*] *Moss* that CMI is seeking to nullify. CMI asked for the same relief from the Third Circuit by requesting a stay of the judgment pending the appeal. The Third Circuit denied the stay on September 5, 2007.[3]

> CMI, Sharon Moss, and A. Sam Coury were represented in the same capacities in *Succession of Moss*, (Docket No. 89-0597), as they are represented in *Coury Moss, Inc. v. A. Sam Coury, et al*, (Docket No. 2007-5007). As a result, once the appeals have been exhausted in the *Succession of Moss*, the judgment will be *res judicata* for the same parties in the present suit.

Moreover, the trial court dispensed with CMI's argument that it could not assert its prescription defense in the nullity action pending appeal in this court because that proceeding did not include CMI as a defendant as follows:

> CMI has argued that is seeks to obtain a declaratory judgment on the issue of prescription, which has not been raised in *Succession of Moss*. However, a peremptory exception may be pled at any stage of the proceedings and is still available to CMI in the pending action. The Court rejects the argument that the exception of prescription is not procedurally available to CMI in the pending succession.

---

[3]*See Succession of William J. Moss*, an unpublished writ bearing docket number 07-1053 (La.App. 3 Cir. 9/5/07).

CMI asserts in its brief to this court that the above quoted comment:

[R]eflects the trial court's basic misunderstanding of the status of these various suits, and the fact that the nullity action in Succession of Moss, Docket Number 07-1246-CA seeks a ruling that the prior judgment of the trial court, and of the Third Circuit Court of Appeal in *Succession of William J. Moss* 943 So.2d 553 (La.App. 3 Cir. 11/2/06) is null as against CMI because CMI was never sued, served, cited or heard in that proceeding.

CMI's claim that it has never been before the court has now twice been rejected. The fact that CMI has been before the court is now the law of the case, and we refuse to revisit the issue for a third time. The trial court correctly determined that Dr. Coury met his burden of proving that the three requirements for granting lis pendens had been met. The trial court did not err in dismissing CMI's petition on the basis of lis pendens.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the exception of lis pendens filed by defendant, Dr. A. Sam Coury, and dismissing CMI's petition for declaratory judgment and injunctive relief is affirmed. CMI is cast with all costs of this appeal.

**AFFIRMED.**

6