NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-47

DOROTHY DESHOTEL DUPRE, ET AL.

VERSUS

SHERYL DUPRE FOGLEMAN

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-5661-D
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

AFFIRMED.

Bruce Achille Gaudin
Attorney at Law
100 W. Bellevue St.
Opelousas, LA 70570
(337) 948-3818
COUNSEL FOR PLAINTIFFS-APPELLEES:
    Dorothy Deshotel Dupre
    Estate of John B. Dupre
    Jeff Bradley Dupre
    Benjamin Carol Dupre

**Donald Lynn Mayeux**
**Attorney at Law**
**P.O. Box 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Sheryl Dupre Fogleman**

**PICKETT, Judge.**

Sheryl Dupre Fogleman appeals the judgment of the trial court finding that two acts of donation from her parents to her are nullities.

## STATEMENT OF THE CASE

In 1989, Mrs. Fogleman's father, John B. Dupre, had a debilitating stroke. His medical care was very expensive. On September 12, 1989, in an effort to prevent their creditors, including the Lafayette General Hospital, from seizing the land on which their home was situated, Mr. Dupre and his wife Dorothy executed an act of donation transferring a thirty-acre tract of land and an adjacent 13.06-acre tract of land to Mrs. Fogleman. In a separate act of donation, they transferred the mineral rights of those tracts to Mrs. Fogleman. Mrs. Fogleman filed the acts of donation in the St. Landry Parish public records. On the same date, Mr. and Mrs. Dupre allegedly also executed a counter letter indicating they wished the property subject to the donation to Mrs. Fogleman be divided equally between their four children, Mrs. Fogleman, John Barney Dupre, Jeff Bradley Dupre, and Benjamin Carol Dupre. On September 15, 1989, in a separate act of donation, Mrs. Dupre donated to Mrs. Fogleman her separate 1/6th interest in a twenty-seven-acre tract of land in Evangeline Parish.

Mr. Dupre died in 2002. Mrs. Fogleman purported to execute various transfers of title of the property to her husband, her mother, and her brother Jeff. Mrs. Fogleman paid the property taxes on the property. When Mrs. Dupre became ill, Jeff, who was living on the 13.06-acre tract of land, and Mrs. Fogleman had disagreements over her care. On December 5, 2013, Mrs. Dupre, her three sons, and the Estate of Mr. Dupre, represented by Jeff as administrator, filed a Petition for Declaratory Judgment seeking to nullify the donations to Mrs. Fogleman. They

alleged that (1) the donations were invalid because they were simulations, as evidenced by the counter letter; (2) Mrs. Fogleman never accepted the donations by authentic act or by taking possession of the property; (3) Mrs. Fogleman acted in violation of the counter letter; (4) by donating the property, Mr. and Mrs. Dupre lacked sufficient resources to provide for their sustenance, making the donations null and void as they were donations omnium bonorum; or (5) Mr. and Mrs. Dupre lacked capacity to understand the legal effect of the donations. Mrs. Fogleman filed an exception of prescription.

Following a bench trial, the court ruled that Mrs. Fogleman never accepted the donations in the manner required by La.Civ.Code art. 1544, thus the donations were nullities and Mrs. Dupre and the Estate of Mr. Dupre were the true owners of the property. The trial court denied Mrs. Fogleman's exception of prescription. Mrs. Fogleman now appeals.

**ASSIGNMENTS OF ERROR**

Mrs. Fogleman alleges two assignments of error:

1.  The trial court committed manifest error in finding that the two donations made by the parties were null and void because: (A) Sheryl Fogleman never accepted the donation, and (B) the counter agreements reflected the clear intent of the parties that all the children would inherit their parents' property in equal shares and therefore it was an absolute simulation and the donations had no effects between the parties.

2.  The court erred in nullifying the donation from Mrs. Dupre to Sheryl Fogleman of her 1/6th interest in the twenty-seven acres in Evangeline Parish, as it never held that the donation was invalid in its reasons for judgment, yet gave it back to Mrs. Dupre in the judgment.

**DISCUSSION**

An appellate court may not set aside the trial court's findings of fact unless it finds manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The only issue

2

presented here is whether Mrs. Fogleman accepted the donations from Mr. and Mrs. Dupre. We must determine whether the trial court erred in finding that Mrs. Fogleman's actions did not constitute an acceptance as required by the Civil Code.

When the donations at issue were executed in 1989, La.Civ.Code art. 1540 stated:

> A donation *inter vivos* shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.
>
> The acceptance may be made during the lifetime of the donor by a posterior and authentic act, but in that case the donation shall have effect, with regard to the donor, only from the day of being notified of the act establishing that acceptance.

Civil Code Article 1541 provided for acceptance by possession:

> Yet, if the donation has been executed, that is, if the donee has been put by the donor in corporeal possession of the effects given, the donation, though not accepted in precise terms, has full effect.

Civil Code Article 1554 required that the acceptance of a donation of immovable property be recorded:

> When the donation comprehends immovable or rights thereto, the act of donation, as well as the act of acceptance, whether the acceptance be made by the same or a separate act, must be registered within the time prescribed for the registry of mortgages in the register of conveyances of the parish in which the immovable is situated.

The Civil Code articles regarding donations were revised in 2008 by 2008 La. Acts No. 204, effective January 1, 2009. The current relevant code article, cited by the trial court in its reasons for ruling, is La.Civ.Code art. 1544, which states:

> A donation inter vivos is without effect until it is accepted by the donee. The acceptance shall be made during the lifetime of the donor.

3

The acceptance of a donation may be made in the act of donation or subsequently in writing.

When the donee is put into corporeal possession of a movable by the donor, possession by the donee also constitutes acceptance of the donation.

The revisions did not change the law in any respect relevant to the case before us.

The three acts of donation transferring property from Mr. and Mrs. Dupre to Mrs. Fogleman, including the donation of Mrs. Dupre's separate property in Evangeline Parish, were placed in the record. They do not include language whereby Mrs. Fogleman accepts the donations. Mrs. Fogleman did not produce any authentic act whereby she, as donee, accepted the donations of the immovable property as required by the Civil Code. Her testimony that she filed the acts of donation at the clerk's office and paid taxes on the property is insufficient to meet the legal requirement for accepting a donation of immovable property. The trial court also specifically found that Mrs. Fogelman sent her brothers the counter letter evidencing her parents' intent to apportion the property equally among their four children. She did attempt to introduce documents evidencing her acceptance of the property executed the day of the trial, but the trial court properly ruled them inadmissible.

The trial court did not err in finding that the donations to Mrs. Fogleman never took effect and in declaring Mrs. Dupre and Mr. Dupre's heirs as the rightful owners of the property. We find of no consequence that the thorough reasons for ruling issued by the trial court do not mention the property in Evangeline Parish. It is axiomatic that where the judgment and the reasons for judgment differ, the judgment controls. *Moss v. Coury*, 97-640 (La.App. 3 Cir. 12/10/97), 704 So.2d 1248, *writ denied*, 98-783 (La. 5/29/98), 720 So.2d 340. There is sufficient

4

evidence in the record to support the trial court's ruling that the donation of property in Evangeline Parish had no legal effect because Mrs. Fogleman never accepted the donation.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Sheryl Dupre Fogleman.

**AFFIRMED.**